### UNITED STATES v. STILES.
#### Cr. A. No. 13717.
#### No. 13717.

District Court, E. D. Pennsylvania.
July 16, 1947.

Edward A. Kallick, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

Victor F. Schmidt, of Middletown, Ohio, for defendant.

McGRANERY, District Judge.

The defendant in this case has been indicted and charged with failure to be inducted into the Armed Forces in violation of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 311. The trial was held in this Court on January 10, 1947, without a jury, under Rule 23 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. Neither party has requested special findings of fact in accordance with that rule, but they shall be incorporated into this opinion, in order to make clear the basis of the general finding. At the close of all the evidence defendant moved for judgment of acquittal on several grounds, which shall be discussed, in turn.

Defendant registered for Selective Service on his eighteenth birthday, and on January 7, 1946, filed his questionnaire with Local Draft Board No. 49, of the City and County of Philadelphia. The questionnaire disclosed, among other things, that defendant had attended eight years of elementary school, a half year of high school, and two and a half. years at the Watch Tower School, studying for the Theocratic Ministry. With the questionnaire defendant filed papers, among which was one signed by eighty Jehovah's Witnesses, describing the kind of religious work defendant did, and supporting his claim to the ministry. With these papers and the information in his file before them, the members of the Local Board then classified defendant into 1-A. On January 16 the Local Board ordered defendant to report for a physical examination, and on January 22, defendant was found physically fit. On January 17, the Board received a letter from defendant, requesting a personal hearing, and on February 1, the Local Board notified defendant that his hearing had been fixed for February 4. Meanwhile, on January 21, defendant had appeared at the Local Board office and signed a notice of appeal on the back of his questionnaire. The government contends that this action removed the entire proceedings from the jurisdiction of the Local Board and that any further action on its part could, therefore, not be attacked. With this view I cannot agree, but the final disposition of the case makes it unnecessary to decide the point.

On February 4, defendant appeared for his personal hearing, bringing with him

540

more papers fortifying his claim for exemption as a minister. The hearing was held and no notes or summary of the hearing was made. The applicable regulation provides that a registrant may present at his personal hearing "such further information as he believes will assist the local board in determining his proper classification" and that "Such information shall be in writing, or if oral, shall be summarized in writing. * * *" Selective Service Regulations Sec. 625.2. Defendant argues that failure to make any summary of his "further" information nullified the induction order. The legal inquiry thus raised is whether defendant was given a fair administrative hearing, or, in broader terms, whether he was afforded due process of law. This is a question of law, of course, although its determination rests on the facts. In United States v. Zieber, 3 Cir., 161 F.2d 90, the Circuit Court of Appeals for this Circuit has recently indicated that the issue of whether a registrant actually offered further information which required summary was one of fact only and for the jury. But it is arguable that the precise issue in cases such as this one is not whether the registrant actually offered new information, but whether the Local Board acted arbitrarily or unreasonably in deciding that the information he offered was not new and did not compel summary. If so, a jury determination could decide the issue only negatively. That is to say, if the jury. found as a fact that the defendant did not offer any new information, the Local Board clearly could not be said to have acted arbitrarily in failing to summarize it. But if the jury found that a registrant did offer new information, the legal inquiry would still be open of whether the Local Board was acting unreasonably when it reached a conclusion opposite to the jury's. And, in a close case, it is possible that a court might justifiably conclude that a registrant was afforded due process of law even though a Local Board erred in not regarding proffered information as new, and summarizing it.

■ However, I find no such problem in this case. I find as a fact that the defendant did not present orally any information at his personal hearing which was not essentially the same as that contained in the various papers which were placed in his file and forwarded to the Appeal Board for its consideration. A fortiori, I also conclude as a matter of law that the Local Board did not act unreasonably or arbitrarily in failing to regard the information defendant orally offered as new, and failing to summarize it.

At the personal hearing, the members of the Local Board suggested that defendant have one of his papers notarized on the possibility that it would be more helpful to him in this form on appeal. When this document (Defendant's Exhibit F) came in to the Local Board three weeks later, it was forwarded along with defendant's other papers to the Appeal Board. When the file was returned to the Local Board, defendant was notified on March 12 that the Appeal Board had given him a 1-A classification, and on April 1, he was notified to report for induction. Defendant reported to the Induction Station on April 17, as directed, and, when called upon to step forward for induction, refused to do so. He later signed a statement stating that he refused to be inducted into the Army of the United States. On this phase of the case, there is no dispute.

■ Defendant argues that under the applicable regulation (625.2), the Local Board was under a duty to consider the new information defendant offered at his personal hearing, and to classify him again "as if he had never been classified," and that, since the Local Board failed to do so, the final induction order was invalid. However, the Local Board's duty to reclassify defendant existed only if he offered new information to them. See United States v. Zieber, 3· Cir., supra, 161 F.2d at page 92. I have already found that the oral information presented at the hearing was not new, and I find as a fact that the written information he offered was similarly, not new but cumulative, essentially what was contained in the papers in defendant's file at the time the Board first classified him. It is true that the Local Board suggested that defendant might strengthen his position on appeal by notarizing one of the

papers he brought to the personal hearing, but this advice did not necessarily indicate that the information contained in the paper was new. The Appeal Board was to consider the case de novo and might reach a contrary conclusion on the facts in the file. A notarized paper might wield more influence with the members of that Board than one unsworn. If anything, the Local Board appears to have leaned over backward in protecting the rights of a registrant, whose classification they felt had been properly made, and who had failed to offer them new evidence. A fortiori, I conclude as a matter of law that the Local Board did not act arbitrarily and deny defendant due process of law by not reclassifying him after his personal hearing.

■ Defendant further argues that the members of the Local Board were guilty of religious bias towards the sect of which he is a member. Defendant points to his testimony quoting the Local Board to the effect that they would consider him in a 4-D classification if he had graduated from a theological school, as other ministers do. Defendant's statement was not contradicted nor was he subjected to cross-examination upon that phase of his testimony. There is no doubt that if defendant's contention were correct, the induction order would be invalid, and failure to obey it would not be a crime. See Estep v. United States, 327 U.S. 114, 121, 66 S.Ct. 423, 90 L.Ed. 567. However, defendant's further testimony, as well as other facts, indicate that the Local Board was not biased toward Jehovah's Witnesses and that, on the contrary, the treatment afforded the registrant was so scrupulously fair as to suggest the highest degree of impartiality both toward him and the religious sect of which he is a member. Thus, defendant testified, as well, that the members of the Local Board asked him if he had his name on the certified list in Harrisburg. Presumably, this was the list compiled by the Watch Tower Bible and Tract Society and contained the names of other Jehovah's Witnesses, at least some of whom, like the defendant, had not graduated from the usual sort of theological school. The reference indicated that the Board members considered the list of some weight and that they were preoccupied with the individual facts of the case, and did not feel any general bias toward the Jehovah sect. Furthermore, defendant testified that he could see his file at the Local Board any time he wanted to, and that they always accepted everything he had to offer. This, in conjunction with the Local Board's granting of a hearing after defendant had signed his notice of appeal, when they were under the impression, perhaps mistaken, that they did not have to, and their solicitude that he get notarized one of the papers submitted at that hearing, indicates that their attitude was impartial and fair. Accordingly, as a matter of law, I conclude that the Local Board was not guilty of religious bias in classifying defendant and that he was afforded due process of law.

■ Defendant's other objections require less detailed treatment. He urges that the government failed to make out a case against defendant under the indictment. I conclude that it did. He further argues that the induction order was invalid because there was no basis in fact for denying defendant's claim for exemption as a minister. However, the fact that a registrant considers himself, and has been considered by others as, a minister of religion is not controlling, and on the evidence in this case, I conclude that there was basis in fact for the Local Board's classification. See Estep v. United States, supra, 327 U.S. at page 122, 66 S.Ct. 423, 90 L.Ed. 567.

■ Defendant, Bennie Clinton Stiles, a male person, subject to the Selective Training and Service Act of 1940, as amended, and the rules and regulations made pursuant thereto, did knowingly fail and refuse to be inducted into the Armed Forces, in accordance with a valid order of induction. Accordingly, I find the defendant guilty of violating Title 50 U.S.C.A. Appendix, § 311.