### UNITED STATES v. STILES.

### No. 9510.

Circuit Court of Appeals
Third Circuit.

Argued Jan. 19, 1948.

Decided Aug. 12, 1948.

Hayden Covington, of Brooklyn, N. Y. (Victor F. Schmidt, of Middleton, Ohio, on the brief), for appellant.

Edward A. Kallick, Asst. U. S. Atty., of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH, and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

Bennie Clinton Stiles was convicted in the District Court for the Eastern District of Pennsylvania of violating Section 11 of the Selective Training and Service Act of 1940 [1] in refusing to submit to induction into the armed forces and he appeals, alleging that the order for his induction was invalid because the local board failed to comply with the Selective Service Regulations.

Stiles, a member of the sect of Jehovah's Witnesses, registered with his local draft board in Philadelphia on December 27, 1945, his eighteenth birthday. In answering his questionnaire he stated that his occupation was welding but that the occupation for which he was best fitted was the ministry and that he was an ordained minister of his religious sect. With his completed questionnaire he submitted a letter from the company servant of the north unit of the Philadelphia Company of Jehovah's Witnesses, a statement signed by eighty members of the unit and an affidavit by the company minister and assistant ministers of the unit all attesting to the fact that Stiles was an ordained minister of the sect.

On January 8, 1946 the local board classified Stiles in Class 1-A and the following day a notice of classification was mailed to him. On January 17th the local board received from Stiles a letter protesting the classification and requesting a personal interview. On February 1st the board notified Stiles that he might appear at a meeting on the evening of February 4th. He appeared before the board at that time, remaining for about 45 minutes, and in addition to an oral presentation of his claim to exemption as an ordained minister he filed with the board a written statement in support of his claim by one Nichols, the company servant of the Chattanooga Company of Jehovah's Witnesses. The board requested Stiles to have Nichols' statement put in affidavit form. This was done and the affidavit was received by the board on February 25th. On the day of Stiles' personal appearance the board also received from him through the mails a letter dated January 27th stating certain facts in support of his claim. Considering that Stiles' oral presentation contained no new information the board did not summarize it in writing for his file.

Meanwhile on January 21st, after his request for a personal interview had been made but before it had been granted, Stiles signed the appeal form printed on the back of his original questionnaire. This was done in the office of the local board at the suggestion of the board's clerk. Following the receipt of the Nichols' affidavit the board

---

[1] 50 U.S.C.A.Appendix, § 311.

did not again classify Stiles or send him another notice of classification but on the next day sent his file to the board of appeal which classified him Class 1-A and returned the file to the local board on March 12th. On the same day the local board notified Stiles of the action of the board of appeal and on April 1st it ordered him to report for induction on April 17th. Stiles appeared at the induction station on that day and submitted to a physical examination but refused to take the step forward when directed to do so. Instead he signed a statement that he refused to be inducted into the army of the United States. His indictment followed.

Stiles contends on this appeal that the order for his induction was invalid because the local board did not, after his personal appearance before it, again classify him in the same manner as if he had never before been classified and mail him notice thereof. The government contends on the other hand that such classification anew is required only if the registrant submits new information at his personal appearance. The district judge, who tried the case without a jury, took the latter view, relying upon a statement to that effect in the opinion of this court as originally filed in United States v. Zieber, (1947) 3 Cir., 161 F.2d 90, 92. Finding as a fact that the information furnished by Stiles at his personal appearance was essentially the same as that already contained in his file, the trial judge concluded that the local board was under no duty to classify him again and that the order for his induction was not invalid on that ground. 72 F.Supp. 538.

We are thus presented with the narrow question whether under the Selective Service Regulations a local board is required to classify a registrant anew after his personal appearance before the board even though he presents no new information to the board when he appears before it. As has been said, a negative answer to this question was indicated in a statement contained in our original opinion in United States v. Zieber, 3 Cir., 161 F.2d 90, 92. That statement was, however, not necessary to the decision of the case and on November 18, 1947 upon petition of Zieber we amended the opinion by striking from it the statement referred to. This was done after the trial judge in the present case, relying in part upon our language in the Zieber case, had entered a judgment of conviction. It certainly indicates, however, that there was basis for the action which the trial judge took at the time when he took it. But now the question which was not directly involved in the Zieber case is squarely presented to us for decision and for its solution we turn to consider the pertinent sections of the Selective Service Regulations.

The provisions upon which Stiles primarily relies are set out in § 625.2 of the Selective Service Regulations,[2] as follows:

"§ 625.2. Appearance before local board.

"(a) At the time and place fixed by the local board, the registrant may appear in person before the member or members of the local board designated for the purpose. The fact that he does appear shall be entered in the proper place on the Classification Record (Form 100). If the registrant does not speak English adequately, he may appear with a person to act as interpreter for him. No registrant may be represented before the local board by an attorney.

"(b) At any such appearance, the registrant may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight. The registrant may present such further information as be believes will assist the local board in determining his proper classification. Such information shall be in writing or, if oral, shall be summarized in writing and, in either event, shall be placed in the registrant's file. The information furnished should be as concise as possible under the circumstances. The member or members of the local board before whom the registrant appears may impose such limitations upon the time which the registrant may have for his appearance as they deem necessary.

---

[2] Title 32 C.F.R.Cum.Supp. § 625.2.

"(c) After the registrant has appeared before the member or members of the local board designated for the purpose, the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had never before been classified: Provided, That if he has been physically examined by the examining physician, the Report of Physical Examination and Induction (Form 221) already in his file shall be used in case his physical or mental condition must be determined in order to complete his classification.

"(d) After the registrant has appeared before the member or members of the local board designated for the purpose, the local board, as soon as practicable after it again classifies the registrant, shall mail notice thereof on the Notice of Classification (Form 57) to the registrant and on Classification Advice (Form 59) to the persons entitled to receive such notice or advice on an original classification under the provisions of § 623.61.

"(e) Each such classification shall be followed by the same right of appeal as in the case of an original classification."

■ Upon reading these provisions we see at once from paragraph (b) that the purpose of the personal appearance is not solely to present the local board with new information. It is also to enable the registrant to discuss his classification with members of the board on the basis of the information already in his file and to make an oral argument that the information already furnished, when given proper weight, calls for a different classification. The right to have such an opportunity to talk over and explain his case to members of the board is obviously of the greatest value to a registrant even though he has no new information to present and this right the regulation guarantees. We come next to paragraph (c) which provides that after the registrant has appeared "the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had

never before been classified." This is the crucial provision. It is the contention of the government, as we have said, that this language requires the local board to make a new classification only if new information has been furnished by the registrant. We do not agree. On the contrary we construe this language as requiring the classification anew of each registrant who makes a personal appearance before the board under the authority of § 625.1[3] even though he furnishes the board with no new information. We shall state the reasons which lead us to this conclusion.

In the first place the history of the regulation indicates that this is the intention of § 625.2(c) as it now stands. That section was originally § 369c of the Selective Service Regulations promulgated by Executive Order 8560[4] and it then provided that if, after the registrant had appeared in person, the local board determined that he should be placed in some other class, it should reclassify him. On December 18, 1941 § 369c was renumbered § 625.2(c) and amended to read as we have quoted it.[5] The contrast between the two versions is striking. We have just described the original version. Under the amended language the registrant who has personally appeared is to be again classified "in the same manner as if he had never before been classified." This is, of course, to be done in the light of the new information, if any, which he has furnished. But the section does not make the furnishing of new information a condition precedent to such classification anew and it thus appears that it is to be done after reconsideration of the information already in the file in the light of the registrant's oral discussion of it and of his claim for reclassification even though he has furnished no new information.

Moreover the structure of the regulation compels the same conclusion. We have seen that § 625.2(d) stipulates that after the registrant has appeared before its members the local board shall mail notice of classification as soon as practicable

3 Title 32 C.F.R.Cum.Supp. § 625.1.
4 Title 3 C.F.R.Cum.Supp. § 369c.
5 6 F.R. 6843.

after it again classifies him. There is here clearly evident the basic assumption that a classification anew always follows the personal appearance of a registrant. The same assumption is, if anything, even clearer in § 625.3, which was added by amendment on April 2, 1943,[6] as follows:

"§ 625.3. Induction stayed. A registrant shall not be inducted during the period afforded him to appear in person before a member or members of his local board, and if the registrant requests a personal appearance, he shall not be inducted until 10 days after the Notice of Classification (Form 57) is mailed to him by the local board, as provided in paragraph (d) of § 625.2."

Here it will be seen that there is a plain direction not to induct a registrant who has requested a personal appearance until 10 days after he has again been classified as provided by § 625.2(d) and after notice of such classification has been mailed to him.

■ We think that the purpose of the regulation in this regard is to require the local board to consider anew each registrant's classification who appears personally before it and to notify him of its action upon its classification so that he may know definitely the result of his discussion with the board, which, of course, could result in a change of his classification even though he may have furnished no new information to the board. Moreover § 625.2 (e) gives such a registrant the same right of appeal from such new classification as in the case of an original classification. Under § 627.12 [7] an appellant may file with his appeal for transmittal to the board of appeal a statement "specifying the respects in which he believes the local board erred" and directing attention "to any information in the registrant's file which he believes the local board has failed to consider or give sufficient weight." This highlights the importance to a registrant of the right to appeal after his personal appearance and in the light of his oral discussion with the members of the local board. For his discussion with the board members may well clarify in his mind the basis for the board's action and thus provide him with relevant material for his statement to the board of appeal which he could not possibly have had in mind if his sole appeal had to be perfected before his personal appearance. It need hardly be said that this right of appeal after appearance may thus prove of the greatest importance to a registrant.

■ In the present case the local board denied Stiles that right. It is true that Stiles did take an appeal before his personal appearance and that his file as sent up to the board of appeal did contain the written information which he submitted at the time of his appearance. But through the failure of the local board to classify him anew, as required by § 625.2 (c), he was deprived of the right to file a statement for the board of appeal based upon matters developed in the course of his personal appearance. Moreover the order for his induction was in direct violation of § 625.3 since it was issued after he had requested a personal appearance but before notice of his classification anew had been mailed to him as required by § 625.2(d). It follows that the induction order was invalid and that Stiles, having exhausted his administrative remedies, was entitled to set up its invalidity in his defense.[8] His motion for a judgment of acquittal should, therefore, have been granted.

The judgment of the district court will be reversed and the cause will be remanded with directions to enter a judgment of acquittal.

---

[6] Amendment 144, 8 F.R. 4292.
[7] Title 32 C.F.R.Cum.Supp. § 627.12.

[8] Estep v. United States, 1946, 327 U. S. 114, 123, 66 S.Ct. 423, 90 L.Ed. 567.