**UNITED STATES ex rel. BERMAN v. CRAIG, Brig. Gen., Commanding Officer.**

**Civ. No. 830–52.**

United States District Court
D. New Jersey.

Sept. 26, 1952.

---

530

Brenman & Susser, Paterson, N. J., Lloyd Paul Stryker, Harold W. Wolfram, New York City, for relator.

Grover C. Richman, Jr., Newark, N. J., Stuart B. Rounds, Trenton, N. J., for respondent.

MEANEY, District Judge.

Relator brings this proceeding, alleging that he has been illegally inducted into the United States Army. The induction complained of took place on August 21, 1952, and on the following day petition for the issuance of a writ of habeas corpus was filed.

At the hearing on the return of the writ a history of relator's dealings with the Selective Service System was given. At the suggestion of the Court, counsel for both parties consented to limit their arguments to the question of the relator's request for a IV-D classification on the basis of his acceptance at a Hebrew seminary. It was further agreed that after the determination of this question, if it were unfavorable to the relator, he might then urge the other grounds asserted in the petition.

Accordingly, the factual summary which follows is limited to the request for the IV-D classification.

During the academic year 1951–52, Berman was a graduate student at Rutgers University. He was registered with the Selective Service System and had received a student deferment (class 1-SC) until June, 1952. On February 17, 1952, relator filed a formal application for admission with the Hebrew Union College-Jewish Institute of Religion in New York City, a recognized theological seminary for preparation for the rabbinate. Pursuant to this application he was subjected to physical and mental examinations and a series of interviews with the Admission Committee of the Institute. Notice of acceptance by said school was mailed to Berman on June 24, 1952. On the same day notice of reclassification in class 1-A was mailed to the relator. On July 2, 1952, an order to report for induction on July 24, 1952 was mailed to petitioner. The next day (July 3) Berman sent the following telegram to his Local Board: "I hereby appeal my classification to class 1-S on basis of acceptance by Hebrew Union College Theological School." Petitioner's induction was postponed pending Appeal Board action on July 8, 1952. On the same day a letter was sent to the Local Board by the School, advising the Board of the acceptance of the relator by the School. No action was taken by the Local Board which forwarded the relator's file, including the notice of acceptance by the Institute, to the Appeal Board; but on August 12, 1952 the Appeal Board voted to continue relator's classification in class 1-A by a vote of three to nothing. Postponement of induction was terminated the same day and relator was ordered to report for induction on August 21, 1952.

32 C.F.R., 1622.43, provides as follows: "(a) In class IV-D shall be placed any registrant * * * (4) Who is a student preparing for the ministry under the direction of a recognized church or religious organization and who is satisfactorily pursuing a full-time course of instruction leading to entrance into a recognized theological or

divinity school in which he has been pre-enrolled."

A fair and impartial perusal of the facts herein set forth leads to the conclusion that the relator is included in the terms of the above mentioned regulation. He had been engaged in graduate study at Rutgers during the year and at the same time applied for admission to the theological school. Strictly read, it would seem that the regulation refers only to persons who, while engaged in full-time preparatory studies for entrance into a theological school, are at the same time pre-enrolled in said theological school. By virtue of his acceptance at the theological school, relator met the requirement of pre-enrollment. Since the academic year at Rutgers had drawn to a close, he was not at the time of his acceptance pursuing said full-time preparatory courses, though he was at the time of his application. This situation was due not to relator's own actions but to the fact that he was accepted for admission at a date subsequent to the end of the scholastic year. To say that relator has failed to bring himself within the terms of the above mentioned regulation would render the date of acceptance completely dispositive, something which the regulation itself does not do. Therefore it is the ruling of this Court that relator has shown himself to be a proper subject for a IV-D classification.

The question is then presented whether, in the light of the facts of the instant case, the Selective Service Board acted arbitrarily and capriciously. See United States v. Grieme, 3 Cir., 1942, 128 F.2d 811.

The Local Board took no action on relator's claim or appeal of July 3, 1952. Counsel for the respondent stated that this was due to the fact that they were precluded from acting because notice to report for induction had been sent on July 2, the day before relator's telegram was received. See 32 C.F.R., 1625.2. This notice to report for induction had been sent prior to the expiration of the ten-day period after notice of classification within which a registrant may file a written request for appearance before the Local Board. 32

C.F.R., 1624.1. It is apparent that had the Local Board sent the notice to report for induction after the expiration of the ten-day period, it would have been able to act on relator's request for reclassification. Further, respondent's counsel stated that the Appeal Board to which the Local Board had transferred its file and which by a three to nothing vote declined to change his classification, was precluded from considering any evidence which was not before the Local Board at the time said Local Board reclassified relator into 1-A.

Thus by respondent's own admission it is evident that the relator's change in status was not considered by either the Local or Appeal Boards. While relator's telegram of July 3 leaves something to be desired as a request for appearance, it was sufficient to apprise the Local Board of his situation. However, the wording of the telegram is not what prevented the evidence of the change in status from being considered. It was the sending of the notice to report for induction which served as the cut-off.

In view of the regulation providing for the filing of written notice requesting personal appearance within ten days after notice of classification, see 32 C.F.R., 1624.1, the notice of induction should not have been sent until the expiration of that time. In this conclusion we are strengthened by the following words of Sec. 1625.2 of Title 32 of the Code of Federal Regulations: " * * * provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * *". To provide a ten-day period for the filing of a personal appearance request but to allow it to be cut off by the making of an order to report for induction before the expiration of that time, is the granting of an empty right. The pursuit of such a course by the Board is repugnant to the letter and the spirit of the regulation as this Court sees it.

The result is that the Local Board's action in sending the notice to report for induction prior to the expiration of the ten-day period, deprived the relator of an opportunity to appear before it and urge re-

classification to class IV-D. It further affected the opportunity for proper appeal, though it seems that the Appeal Board having the notice of acceptance of the relator by a properly qualified theological school, should have given recognition to the actualities of the situation.

The determination of the Appeal Board is understandable even though this Court feels that its action, in the light of all the circumstances of the case, was arbitrary. In these days of increasing weakening of the moral fibre of our youth by what has been rather harshly called "Momism" and the sedulous widespread cultivation of self-indulgence rather than the Spartan qualities (erstwhile held in such just renown) of fortitude, courage, recognition of civic responsibility and willingness to share communal burdens, no matter how heavy, it is easy to confuse such fostered lack of stamina with proper motives for exemptive claims recognized by law and worthily asserted.

Having reached these conclusions, it is the decision of this Court that the Draft Board acted in an arbitrary manner to prevent the relator from obtaining a classification to which he was entitled by law. Such action is a basis for the issuance of a writ of habeas corpus forthwith. See In re Abramson, 3 Cir., 1952, 196 F.2d 261.