**KNOX v. UNITED STATES.**

No. 13166.

United States Court of Appeals Ninth Circuit.

Dec. 4, 1952.

Hayden C. Covington, Brooklyn, N. Y., for appellant.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

Appellant was indicted for a violation of § 12 of the Selective Service Act of 1948, 50 U.S.C.A. Appendix, § 462, by refusing to submit to induction into the armed forces. With his consent he was tried to the court without a jury and was adjudged guilty. One of the questions he raises on the appeal, and the only one we shall consider, is whether he was accorded his procedural rights in respect of being classified anew after a personal appearance before his local board.

The pertinent Selective Service Regulations in effect at the time are §§ 1624.1 and 1624.2. The first of these provides in part that "Every registrant, after his classification is determined by the local board * *, shall have an opportunity to appear in person before the member or members of the local board designated for the purpose if he files a written request therefor within 10 days after the local board has mailed a notice of classification (SSS Form No. 110) to him." Section 1624.2(b), entitled "Appearance before local board," states that at any such appearance the registrant may discuss his classification, may point out the class or classes in which he thinks he should have been placed, may direct attention to any information in his file which he believes the local board has overlooked or to which it has not given sufficient weight, and may present such further information as he believes will assist the board in determining his proper classification. Subdivision (c) of this section reads: "After the registrant has appeared before the member or members of the local board designated for the purpose, the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had never before been classified." Subdivision (d) requires that after such an appearance the board shall, as soon as practicable after the registrant is again classified, mail him notice of classification (SSS Form No. 110). And (e), the final subdivision of the section, provides that "Each such classification shall be followed by the same right of appeal as in the case of an original classification."

It is essential to an understanding of the problem here presented that we review at considerable length the history of appellant's case as gathered from his selective service file, that being the only evidence introduced on behalf of the Government. We find nothing elsewhere in the record to combat the evidence contained in the file, or to refute the inferences drawable from it.

Appellant's classification questionnaire was submitted to his local board on September 26, 1948. At the time he made it out he signed Series XIV—Conscientious Objection to War, Form No. 100, in which the registrant states that by reason of religious training and belief he is conscientiously opposed to participation in war in any form, and requests that he be furnished the special form for conscientious objectors (Form No. 150) to be completed and returned to the local board for its consideration. This form was not supplied appellant until a time subsequent to August 2, 1950, on which date he was classified as 1–A. Upon receiving notice of the classification he requested that the board grant him a personal appearance; and he was advised by mail that he might appear at a board meeting to be held Sep-

tember 20, 1950. At this meeting he appeared, talked with board members, and submitted a letter written by himself in which he asserted reasons why he considered himself entitled to a reclassification, setting forth, among other things, his work with Jehovah's Witnesses. The letter, which he read to the board, closes with the assertion that "By reason of my knowledge of God and his commands and my decision to be one of his servants, I cannot serve in the armed forces of *any* nation * * * It is upon this ground that I ask for reclassification." The file indicates also that, apparently as of this time, he submitted to the board certain pamphlets and documents concerning the work of Jehovah's Witnesses and his participation therein. At the meeting Form No. 150 (the conscientious objector form referred to above) was handed to him, the same to be returned by September 25, 1950. (A notation on the back of the classification questionnaire indicates that the form had not been returned as of the date set.) Under date of September 22, 1950 he was ordered to report for physical examination, and apparently did so since a certificate of acceptability is contained in the file bearing date October 10, 1950. Thereafter, on November 22 appellant was ordered by the local board to report for induction.

It should be remarked at this juncture that nowhere in the file, nor in the notations on the back of the questionnaire,[1] does it appear that at or after the personal interview the local board classified the registrant, or that it took any affirmative action to continue in effect his earlier 1-A classification, notwithstanding it was not until the interview that any evidentiary material had been presented bearing on his claimed conscientious objector status. Nor, so far as the record shows, did the board orally advise appellant at the hearing that his classification did or would remain unchanged. No notice of classification was thereafter sent him.

1. This page of the questionnaire is denominated "Minutes of Actions by Local Board and Appeal Board."

In another form, called the "Individual Appeal Record," the nature and dates of the registrant's classifications both by the local board and by the appeal board

On November 28, 1950 appellant wrote the board protesting the induction order, and pointing out that he had received no notice of classification since the interview. Then followed a series of events suggestive of the probability that the appeal board and the state director of the selective service system were alike unadvised of the inaction of the local board in the respects above indicated, save only as to its failure to notify the registrant of his classification. On December 4, 1950 the state director wrote the local board that the induction order had been canceled because of the failure to give notice of classification following the registrant's personal appearance. The letter closed by saying "Kindly issue the registrant notice of the cancellation of his induction and advise him that his case is being forwarded for appeal review." The local board thereupon sent the registrant a form letter stating that the order to report for induction was postponed "Indefinite. Pending Appeal." A notation on the back of the questionnaire indicates that on December 6, 1950 the file was forwarded to the appeal board.

On December 20, 1950 the appeal board wrote the local board as follows:

"At its meeting held on December 15, 1950, it was the unanimous decision of Appeal Board Panel No. 2 that the complete cover sheet be returned to your Board for further action, as follows:

"An examination of this file disclosed that registrant had completed Series XIV—Conscientious Objection to War, Form No. 100, at the time he signed his questionnaire. Subsequently the minutes of action on page 8 of Form No. 100 evidence the fact, that on September 25, 1950, Form 150, Special Form for Conscientious Objector, was mailed to the registrant, but that registrant did not complete and return same to the Local Board.

are entered. So far as concerns the local board this record shows only that appellant was classified 1-A on August 2, 1950. It is barren of intimation that the classification was continued without change after the personal hearing.

"It is the suggestion of Appeal Board Panel No. 2 that registrant be requested to either complete Form 150 or sign a statement stating that he wishes to withdraw his conscientious objections to war.

"When the registrant has submitted the information, or action has been taken, and registrant's classification remains unchanged, the complete file should be returned to the Appeal Board for our further consideration."

On December 27, 1950 the local board wrote appellant the following letter:

"Herewith enclosed is SSS Form No. 150, Special Form for Conscientious Objector. Your file has been returned by the Appeal Board with the following instructions:

"'It is the suggestion of Appeal Board Panel No. 2 that registrant be requested to either complete Form 150 or sign a statement stating that he wishes to withdraw his conscientious objections to war.'"

Appellant filled out and returned Form 150, explaining at length under the appropriate headings the nature and source of his religious training and beliefs, and answering questions concerning his participation in religious organizations.

Under date of January 23, 1951 the local board wrote the appeal board as follows:

"Pursuant to your letter of December 20, 1950, we are returning herewith the complete file of the above named registrant for your further consideration.

"Form 150, Special Form for Conscientious Objector, with attachments submitted by the registrant is enclosed in the file."

It may be noted here that this communication is devoid of intimation that the local board had considered the matters contained in Form 150, or that it had taken any action to classify the registrant in light of its contents, or to continue in effect the prior classification. The impression one gets from reading it is that the local board regarded the whole matter of classifying the registrant as having been taken over by the appeal board, and that in obtaining the form it was acting merely as agent of the latter. The absence of any notation on the back of the questionnaire, other than that the file had been returned to the appeal board, tends strongly to confirm this impression.

On June 7, 1951 the appeal board, after the customary steps had been taken, classified appellant in Class 1–A, and he was so notified. On July 5 following he was directed to report for induction. He did so but concededly refused to be inducted.

■■ So far as we are aware it is the uniform view of the courts passing on the subject that failure to accord a registrant the procedural rights provided by the Regulations invalidates the action of the draft board. As to failure to observe the requirements of § 1624.2, here involved, see United States v. Stiles, 3 Cir., 169 F.2d 455; Martin v. United States, 4 Cir., 190 F.2d 775. With the above view of the law we are in accord. We are also in full agreement with the limitations on that principle expressed by Judge Parker in the Martin case, supra, namely that procedural irregularities or omissions which do not result in prejudice to the registrant are to be disregarded.[2]

■■ The significant disregard of the registrant's procedural rights in this instance lies in the fact that upon his personal appearance after classification he presented for the first time evidentiary matter in support of his formal claim to the conscientious objector status embodied in his questionnaire, and no action appears to have been taken to classify him in light either of this evidence or of the showing

2. One aspect of this limitation was developed in the decision of this court in Tyrrell v. United States, 200 F.2d 8, and not yet reported. That case had to do with the failure of the local board adequately to summarize for use on appeal the oral statements of a registrant made on a personal appearance. It was thought that since the appeal board had before it in other documents and material the substantial equivalent of the matter missing from the summary, no harm to the registrant resulted.

contained in Form 150, later submitted. It appears to be the position of the Government that any lack in this respect is immaterial inasmuch as the registrant was classified anew as 1–A by the appeal board, the latter having before it all the evidence bearing on the subject. The situation, it is argued, is akin to that obtaining in Tyrrell v. United States, supra, Note 2. We are unable to agree. The two situations are totally dissimilar.

Classification by the local board is an indispensable step in the process of induction. The registrant is entitled to have his claims considered and acted upon by these local bodies the membership of which is composed of residents of his own community. An underlying concept of the Selective Service System is that those subject to call for service in the armed forces are to be classified by their neighbors—people who are in a position to know best their backgrounds, their situation and activities.

But, it is suggested, a presumption of regularity or of the due performance of duty attends official action; and it should be presumed in this instance not only that the local board considered the claims of the registrant, but that in light of them it took action to continue in effect his original 1–A classification. We think the court may not indulge the presumption, at least in the latter respect, in the condition of the record in the case. Our reasons for so believing have already been sufficiently developed.

The judgment is reversed.