**UNITED STATES ex rel. BERMAN**

v.

**CRAIG et al.**

**No. 11079.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 19, 1953.

Decided Nov. 27, 1953.

Edward S. Szukelewicz, Washington, D. C. (Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Warren Olney, III, Asst. Atty. Gen., Department of Justice, Robert S. Erdahl, Beatrice Rosenberg, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellant.

Lloyd Paul Stryker, New York City (Brenman & Susser, Paterson, N. J., Harold W. Wolfram, New York City, on the brief), for relator-appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

Daniel M. Berman was inducted into the United States Army on August 21, 1952 and was stationed at Camp Kilmer, New Jersey. The following day he filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey seeking his release on the ground, inter alia, that he had been illegally inducted as a result of the arbitrary and capricious action of his local board in failing to give consideration to a change in his draft status. The district court found that the local board had denied Berman his procedural rights under the Selective Service Regulations and issued an order directing his discharge from the army. D.C.N.J., 107 F. Supp. 529. The respondent appeals from this order.

The question for our consideration, therefore, is whether the local board denied Berman any of his procedural rights under the Selective Service Regulations. The facts are that during the academic year 1951–1952 Berman was a graduate student at Rutgers University. On December 3, 1951 he was notified to appear for induction on December 17th but on December 10th he was granted a student's deferment, Class I–S(C), until June 1952. In February, 1952, he applied for admission to the Hebrew Union College-Jewish Institution of Religion, a recognized theological school in New York City. On June 23, 1952, upon the termination of his student's deferment, Berman was reclassified in Class I–A and

on June 24, 1952, notice of such reclassification was mailed to him. On the same day the theological school notified Berman by mail that he had been admitted to the school. On July 2, 1952 the local board mailed Berman an order to report for induction on July 24, 1952. On July 3, 1952 Berman sent his local board a telegram which read:

"I hereby appeal my classification to class 1–$ [sic] on basis of acceptance by Hebrew Union College Theological School."

It is undisputed that this telegram was received by the local board within 10 days following the mailing of the notice of classification. On July 8, 1952 the local board received a letter from the theological school advising that Berman had been admitted as a regular student to commence his studies in October, 1952. On the same day, the board, treating the telegram as a notice of appeal, postponed Berman's induction order and on July 15, 1952, without considering Berman's claim of a new status, forwarded his file, which included his telegram and the school's letter of July 8th, to the appeal board. On August 11, 1952 the appeal board continued Berman in Class I–A and the next day the local board mailed him a notice of such classification and also notified him to report for induction on August 21, 1952. Berman reported for induction and the petition here involved followed.

■ It is settled that if a local board acts in an arbitrary and capricious manner the registrant, although bound to comply with the board's order, may, by writ of habeas corpus, obtain a judicial determination as to the propriety of the board's conduct.[1] Its failure to accord

him the procedural rights provided in the Selective Service Regulations invalidates its action.[2]

■ A registrant who is a student preparing for the ministry under the direction of a recognized church or religious organization and who is satisfactorily pursuing a full-time course of instruction leading to entrance into a recognized theological or divinity school in which he has been pre-enrolled is entitled under Section 6(g) of the Universal Military Training and Service Act[3] and Section 1622.43 of the Selective Service Regulations[4] to be classified in Class IV–D and exempted from training and service.

■ Berman asserts that after June 24, 1952 he was a student preparing for the ministry, under the direction of a recognized religious organization, the Jewish, and was satisfactorily pursuing at Rutgers University a full time course of instruction leading to his entrance into a recognized theological school, the Hebrew Union College-Jewish Institute of Religion, in which he had been pre-enrolled on June 24, 1952. He concedes that he was not then actually pursuing his studies since it was the time of the scholastic summer vacation. This, however, he urges, and we agree, can make no difference in his status. For a divinity student who is entitled to classification as such does not lose his exemption status merely because his courses of instruction are interrupted by normal recesses or vacation periods. Berman contends that the local board failed to accord him his procedural rights when it declined to reconsider his classification after he had notified it by his telegram of July 3, 1952 of his change

1. Eagles v. United States ex rel. Samuels, 1946, 329 U.S. 304, 305, 67 S.Ct. 313, 91 L.Ed. 308; Eagles v. United States ex rel. Horowitz, 1946, 329 U.S. 317, 67 S.Ct. 320, 91 L.Ed. 318; United States v. Grieme, 1942, 3 Cir., 128 F.2d 811, 814, 815.

2. Estep v. United States, 1946, 327 U.S. 114, 120–121, 66 S.Ct. 423, 90 L.Ed. 567;

United States v. Stiles, 1948, 3 Cir., 169 F.2d 455; In re Abramson, 1952, 3 Cir., 196 F.2d 261; Knox v. United States, 1952, 9 Cir., 200 F.2d 398; United States v. Fry, 1953, 2 Cir., 203 F.2d 638.

3. 50 U.S.C.A.Appendix, § 456(g).

4. 32 CFR (Revised, 1951) § 1622.43.

of status to that of divinity student. We agree with the district court that this contention is well taken.

██ Sections 1625.1 and 1625.2 of the Regulations[5] taken together require a local board to consider anew the classification of a registrant who reports, within 10 days after it occurs, a change in his status which may require his reclassification.[6] This it is the board's duty to do even though, as here, an order to report for induction has been sent to the registrant, provided he has not yet been inducted. Such a timely report was made to the local board in this case by Berman through his telegram of July 3, 1952, supplemented and corroborated by the letter of July 8th from the theological school. It is true that the telegram used the word "appeal". But this did not justify the board in regarding it as solely an appeal in the technical sense or in wholly ignoring the changed draft status which it disclosed. Registrants are not thus to be treated as though they were engaged in formal litigation assisted by counsel.[7] The local board should have given consideration to Berman's change of status and determined whether it required his reclassification. Its failure to do so deprived him of an important procedural right to which he was entitled.[8]

██ The local board's error was not cured by its action in transmitting Berman's file to the appeal board for review.[9] For the appeal board in its consideration of the case was limited to the papers in the file [10] and therefore was not in a position to ascertain all the facts regarding Berman's status in the way that the local board might have done, particularly after the personal appearance before it to which Berman was entitled.[11]

**5.** "§ 1625.1 *Classification not permanent.*
(a) No classification is permanent.

"(b) Each classified registrant and each person who has filed a request for the registrant's deferment shall, within 10 days after it occurs, report to the local board in writing any fact that might result in the registrant being placed in a different classification such as, but not limited to, any change in his occupational, marital, military, or dependency status, or in his physical condition. Any other person should report to the local board in writing any such fact within 10 days after having knowledge thereof.

"(c) The local board shall keep informed of the status of classified registrants. Registrants may be questioned or physically or mentally re-examined, employers may be required to furnish information, police officials or other agencies may be requested to make investigations, and other steps may be taken by the local board to keep currently informed concerning the status of classified registrants.

"§ 1625.2 *When registrant's classification may be reopened and considered anew.* The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational defer-

ment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (2) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

**6.** Compare In re Abramson, 1952, 3 Cir., 196 F.2d 261.

**7.** See Chih Chung Tung v. United States, 1944, 1 Cir., 142 F.2d 919. See also Smith v. United States, 1946, 4 Cir., 157 F.2d 176, 183, certiorari denied 329 U.S. 776, 67 S.Ct. 189, 91 L.Ed. 666.

**8.** Davis v. United States, 1952, 6 Cir., 199 F.2d 689; Knox v. United States, 1952, 9 Cir., 200 F.2d 398.

**9.** United States v. Stiles, 1948, 3 Cir., 169 F.2d 455.

**10.** 32 CFR (Revised, 1951) § 1624.24(b).

**11.** 32 CFR (Revised, 1951) § 1624.1.

We agree, moreover, with the district court that the local board also violated Berman's procedural rights in giving him within 10 days after reclassification an order to report for induction. Section 1624.1(a)[12] of the Regulations gives a registrant the right within 10 days after classification by the local board (except a classification which is itself determined upon an appearance before the local board) to request and thereafter to be accorded a personal appearance before a member or members of the board. Section 1624.2(c)[13] makes it the duty of the local board to consider the new information which it receives from the registrant at such a personal appearance and, if it justifies a change in his classification, to "reopen and classify the registrant anew." Section 1625.2, however, contains a proviso that "the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

In the light of the proviso of Section 1625.2 just quoted it seems obvious that the right to a personal appearance before the local board and reconsideration by it of one's classification as a result thereof, which Sections 1624.1(a) and 1624.2(c) give to a registrant, can only be preserved by construing the regulations as not authorizing a local board to issue an order to report for induction until 10 days after a registrant's classification (except. a classification which is itself determined upon such a personal appearance).

We conclude that Berman's induction was invalid for the reasons stated and that the district court rightly ordered his discharge from the army.

The order of the district court will be affirmed.

12. 32 CFR (Revised, 1951) § 1624.1(a).

13. 32 CFR (Revised, 1951) § 1624.2(c).