**UNITED STATES of America**
v.
**Wilmer Kratz DERSTINE.**
**Cr. No. 16715.**

United States District Court,
E. D. Pennsylvania.
March 30, 1954.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

William A. Rahill, Philadelphia, Pa., Elvin R. Souder, Souderton, Pa., for defendant.

GRIM, District Judge.

After having waived a jury trial defendant was found guilty of refusing to submit to induction into the armed forces of the United States. He reported for induction as ordered, but upon completion of the processing at the induction station he refused to be inducted. He has filed a motion for judgment of acquittal averring, among other things, that he was not accorded the personal hearing before his local Selective Service Board to which he was entitled under the Selective Service Regulations.

The problem in the case was whether or not the defendant, a Mennonite, was entitled to a conscientious objector classification [1] which, if it had been granted, would have prevented his induction.

After the case had gone through all the Selective Service channels from the Local Board to the office of the National Director of Selective Service [2] with decisions always against the defendant registrant,[3] the National Director made a written request to the Local Board that the classification be reopened

---

1. When the proceedings started IV–E was the conscientious objector classification. The regulations were changed during the course of the proceedings so that now 1–O is the conscientious objector classification.

2. There was no appeal to the President, the registrant having been deprived of this right because the decision of the Appeal Board against the defendant's contention was unanimous. 32 C.F.R. 1627.-3.

3. The Hearing Examiner and the Department of Justice recommended that defendant be given a conscientious objector classification, but their recommendations were not followed by the selective service officials.

and considered anew. See 32 C.F.R. 1625.3.

Following the request of the National Director the Local Board on September 13, 1951, reopened the classification and considered it anew but again refused the registrant a conscientious objector classification and put him again in 1–A. On September 14, 1951, defendant wrote a letter to the Local Board, which, among other things, stated:

"Today I received a new classification card 1–A from you as local Draft Board. * * * I do at this time want to present some new evidence and request either a hearing before the local board or *appeal* again to the Board of Appeals * * * Upon this new evidence which I am submitting above, I hereby appeal to the Board of Appeals for a 4–E classification."

This letter was treated by the Local Board solely as an appeal to the Appeal Board and the case was referred to the Appeal Board. The request for a hearing was overlooked or ignored. The Appeal Board rejected the second appeal and again unanimously continued defendant in 1–A. The National Director of Selective Service upon application of the defendant again intervened and requested that defendant's selective service file be sent to him for further review. The file was sent to the National Director who after further consideration wrote to the State Director stating that he did not contemplate any further action in the case and directed that the processing of the defendant should proceed.

█ It is well established that the failure of a local draft board to accord a registrant a procedural right provided in the Selective Service Regulations invalidates the Board's action. United States ex rel. Berman v. Craig, 3 Cir., 1953, 207 F.2d 888. United States v. Stiles, 3 Cir., 1948, 169 F.2d 455.

The Selective Service Regulations provide: (32 C.F.R. 1624.1).

*"Opportunity to appear in person:* (a) Every registrant, after his classification is determined by the local board (except a classification which is itself determined upon an appearance before the local board under the provisions of this part), shall have an opportunity to appear in person before the member or members of the local board designated for the purpose if he files a written request therefor within 10 days after the local board has mailed a Notice of Classification (SSS Form No. 110) to him * * *"

█ This regulation clearly gave defendant an opportunity, if he requested it in writing, to appear in person before his Local Board after he was given a 1–A classification on September 13, 1951. The fact that he had had a personal appearance before the Local Board on January 11, 1951, did not take away this right, since the regulations provide: (32 C.F.R. 1625.13)

*"Right of appeal following reopening of classification.* Each such classification shall be followed by the same right of appearance as in the case of an original classification."

█ Defendant's request was not as clear as it might have been. He requested a "hearing" rather than an "opportunity to appear in person", but no one would seriously contend that a request for a hearing was not a request for an "opportunity to appear in person". A more serious defect in the request was that it did not definitely ask for a personal hearing, but instead it asked in the alternative either for a personal appearance or an appeal to the Appeal Board. Defendant said:

"I do at this time want to present some new evidence and request either a hearing before the local board or *appeal* again to the Board of Appeals."

By using these words defendant in a sense left it to the judgment of the Local Board as to whether he should be given a personal appearance or whether

his letter should be considered as an appeal to the Appeal Board. This apparently is the meaning which the Local Board took from his letter since it immediately referred the problem to the Appeal Board instead of giving defendant a hearing. But defendant's request also had another meaning, namely, that he requested an opportunity to appear in person before the Local Board, but if he had no such right or if after his appearance the decision should be against him, then he wanted to take an appeal to the Appeal Board. The second meaning of defendant's words is just as reasonable as is the meaning which the Local Board took from defendant's letter.

■ Registrants are "not thus to be treated as though they were engaged in formal litigation assisted by counsel". United States ex rel. Berman v. Craig, supra, 207 F.2d at page 891. Whenever a registrant in writing makes a request to a Local Board, no matter how ambiguously or unclearly the request is stated, if it indicates in any way a desire for a procedural right, the writing should be construed in favor of the registrant and the procedural right granted, or the registrant should be contacted by the Board to obtain clarification of what he had in mind

when he made the request. The Local Board did not consider defendant's letter in this manner. It construed it as though defendant waived his right to have a personal appearance before the Board, and as meaning that defendant gave the Board the choice of determining whether or not defendant should be given a personal appearance.[4]

■ There is no evidence that defendant followed up his request for a personal appearance by appearing uninvited at a local board meeting for the purpose of a personal appearance before it. In my opinion, he was not required to do this under the regulations. As a result of defendant's letter, the Local Board either should have asked defendant exactly what he wanted or it should have notified defendant that his request for a hearing before it had been granted, and it also should have told him when the Board would hold a meeting at which he could appear.

■ It is clear that the Local Board erred in not giving defendant a right to a personal appearance as a result of the request in his letter to it. This presents the question as to whether the error of the Local Board can be considered a harmless one which, under Martin v. United States, 4 Cir., 190 F.2d 775, did not invalidate the induction.[5] This is a

---

4. The letter was worded very cleverly. It led this experienced and able Local Board into an error which is now being used as an argument to invalidate the selective service proceedings. Perhaps, if the request had not been in the alternative, and had been a clear request for a hearing, the Board would have followed the regulations and granted defendant a personal appearance, or at least it might have specifically denied defendant's request in such a way that the Appeal Board would have discovered the error and corrected it by ordering the Local Board to give defendant a personal hearing. But as the trier of the facts in this case I cannot say that the request was intentionally worded in the alternative with the hope that it would mislead the Local Board.

From the time the conscientious objector form (SSS150) was applied for defendant was advised by Bishop John

Lapp of the Mennonite Church. Bishop Lapp was an experienced, intelligent and resourceful adviser in this type of problem. Not only did he help defendant to fill out forms and write letters, but he also went with him to Washington to help him to state his case before the National Director of Selective Service. It is interesting to notice that under the regulations legal counsel may not appear with a registrant in his personal appearance before a Local Board, 32 C.F.R. 1624.1(b), but with the Board's permission advisers who are not lawyers may appear with registrants at the time of their personal appearance. It should be noted also that when defendant appealed to the Appeal Board he had a right to point out to the Appeal Board that his right to a personal appearance had been denied to him, 32 C.F.R. 1626.12. He did not do this.

5. In the Martin case the registrant after a personal appearance before the Local

serious problem in the case. The case was thoroughly contested as it went through the Local Board, the Appeal Board, the office of the State Director of Selective Service and the office of the National Director, and it is unlikely that anything would have been presented at a second personal appearance that had not already been presented with full emphasis on the important things to be considered. Consequently, it is unlikely that the error of the Local Board had any effect on the result of the case.

The right to appear personally before a local board is treated very seriously by the regulations. When a registrant makes a personal appearance before a local board, the Board must see that whatever new information it receives is summarized in writing and placed in the registrant's file. 32 C.F.R. 1624.2 (b). If the registrant does not appear when he has been given an opportunity to do so this fact must be entered into the minutes of the Local Board. 32 C.F. R. 1624.2(a). After the registrant has made a personal appearance the Local Board must consider the classification problem anew and send to the registrant a written notice of the result of its new consideration of the case. 32 C.F.R. 1624.2(d). When a registrant is given a personal appearance this extends his time for an appeal so that the appeal time does not begin to run until the time when the Local Board makes a decision in reference to the reclassification problem created by the personal appearance. 32 C.F.R. 1624.2(e). If a registrant does not speak English adequately he may bring an interpreter with him at the time of his personal appearance. 32 C.F.R. 1624.1(b).

It is important that a registrant be given an opportunity to appear in person before a Local Board. A pleader can almost always make a more effective presentation in the give and take of an argument in person than he can in writing. Many fine young men cannot express themselves well in writing, but they can do much better when they speak and are not so much concerned with their method of expression. It is particularly important that conscientious objector claimants be given an opportunity to appear in person. Their thoughts expressed in writing are often stereotyped and so subtle that they are very difficult to understand. Whether or not a registrant is truly a conscientious objector is pretty much a question of his sincerity, and sincerity, being a subjective problem, can be judged by a personal appearance better than it can by a written statement.

The defendant suggests a reason why in this case particularly he should have been given a right to a personal appearance when he requested it. The Federal Bureau of Investigation made an investigation in this case. The Hearing Examiner was given the F. B. I. report and summarized its contents in his report. The information in the F. B. I. report came from acquaintances and neighbors of defendant. Defendant was not given the right to examine the F. B. I. report. Because of the summary of the F. B. I. report in the Hearing Examiner's report defendant knows substantially what was in it. He admits that most of it is correct, but he now denies some of it, and much of it is damaging to him. He contends that if he had been given a personal appearance before the Local Board he not only would have given it new information (which is unlikely) but also he would have denied some of the damaging information in the F. B. I. report.[6]

Board was not given the written notice of the Board's refusal to change his classification to which he was entitled under the regulations. But the Board at the end of the hearing orally notified the registrant that it would not change his classification, and based on this oral notice the registrant filed an appeal within the proper time. It was clear that the fact that the registrant received oral rather than written notice of the Board's action in no way affected the result in the case.

6. The F.B.I. report, among other things, included information to the effect that defendant belonged to a group of "hot-

The failure to grant defendant an opportunity to appear personally before the Local Board was a substantial error which invalidated the induction. He was denied a substantial procedural right to which he was entitled under the regulations. United States v. Fry, 2 Cir., 203 F.2d 638; United States v. Stiles, 3 Cir., 169 F.2d 455. United States, ex rel. Berman v. Craig, supra.[7]

Order.

And Now, March 30, 1954, in accordance with the foregoing opinion, defendant's motion for judgment of acquittal is hereby granted.

rodders" known as "Franconia cowboys", who lassoed mail boxes while they drove swiftly on public highways. Defendant contends that he would have denied this.

The Hearing Examiner's report was thoughtful and thorough. In order to state the case properly the Examiner reviewed and summarized the information in the F.B.I. report. Although the Examiner's conclusion and recommendation were in defendant's favor, ironically his frank statement of the facts may have caused defendant considerable harm when

the case was considered by the Appeal Board. The Hearing Examiner was Judge Curtis Bok of the Court of Common Pleas of Philadelphia.

7. In this case the Court of Appeals for the Third Circuit decided, among other things, that an induction is invalid if a Local Board sends out an order to report for induction before ten days after a reclassification, because a registrant under the regulations is given ten days after a reclassification to request a personal appearance before the Local Board.