**UNITED STATES of America,**
**Appellee,**

**v.**

**James Lee SAUNDERS, Appellant.**

**No. 72-1465.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 11, 1972.

Decided Oct. 11, 1972.

---

John H. Harmon, New Bern, N. C. (court-appointed counsel), for appellant.

F. Stuart Clarke, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

In November, 1971, James Lee Saunders was indicted under Title 50 Appendix U.S.C. § 462(a) on two related charges—making a false statement in support of a selective service classification claim and refusing to report for induction.

Saunders was tried without a jury in the District Court for the Eastern District of North Carolina and found not guilty of making the false statement but guilty of refusal to report for induction. He was sentenced to three years in prison.

Appellant contends he was denied procedural due process in the consideration of his application for a hardship deferment. We agree and reverse the conviction.

I

Saunders registered with the Selective Service System on October 31, 1962. On February 18, 1964, because he had two small children, he was classified 3–A, then a fatherhood classification. By October 30, 1969, Saunders, who was no longer living with his wife and children, was reclassified 1–A. His appeal of this classification was unanimously rejected by the appeal board on January 28, 1970, but on April 15, 1970, he was classified 1–SC, to enable him to complete

his senior year in college. The new classification expired on June 15, 1970. Saunders' divorce decree from his wife was entered on May 28, 1970. He remarried shortly thereafter. On June 16, 1970, the local board received Saunders' letter of June 13,[1] in which he appealed to be classified 3–A.

The board then removed from the file of Saunders' former brother-in-law a statement adverse to Saunders' claim and inserted it into Saunders' file and relied upon it without ever notifying him of its inclusion. The board's reliance on the document to Saunders' detriment is established in the testimony of the board's executive secretary. The statement asserted that Saunders had deserted his first wife and children.

On June 17, 1970, the local board unanimously reclassified Saunders 1–A. This classification he appealed in a letter received by the board on June 25. That day the board's executive secretary telephoned the local welfare department concerning Saunders' claim of support for his children and mailed a request to his former wife for information concerning the amount of support she was receiving from Saunders. Her responsive letter[2] was also put into Saunders' file without his knowledge.

The appeal board unanimously rejected Saunders' appeal on September 30, 1970. He failed to report for induction on October 30, 1970.

## II

■ Our disposition of this case depends on whether Saunders, in his June 13 letter, presented a prima facie case of hardship. The trial court found that a prima facie case was not presented and therefore use of the adverse statements was not prejudicial error. We disagree. The regulation defining hardship is set forth in 32 C.F.R. § 1622.30.[3] Under the regulation the hardship must be one sustained by the registrant's dependents, not merely by the registrant himself. Parsons v. U. S., 447 F.2d 1018 (8 Cir. 1971); Rasmussen v. Commanding Officer, 430 F.2d 832 (8 Cir. 1970); U. S. v. Burlich, 257 F.Supp. 906 (S.D.N.Y. 1966).

■■ Saunders' letter failed to state explicitly that hardship would befall his children upon his induction. He stated that *the financial responsibility* " * * * places *me* in a precarious situation." (Emphasis added.) Nevertheless we find that the letter sufficiently

---

1. Pertinent parts of the June 13 letter are:

    At the time I was granted a divorce I was also require [sic] by the court to pay 120.00 a month for support of the children and assume full dependence of them until the age of eighteen. The children, at the present are living with their mother, but they shall spend a considerable length of time with me. On the 3d day of June of this year I was married again. * * *

    Having to fully support the children and assume responsibility at home with my second wife places me in a precarious situation and under pressure. That is why I appeal to you to reclassify me 3A.

    Saunders neglected to mention in his letter that his obligation to pay the support money would not begin until August, 1970.

2. Pertinent parts of the former wife's letter are:

    * * * I have not received anything at all from him since the year of 1966 (Aug.). Since that [sic] we have separated and recently divorced. Still there were 2 children to be taken care of which I had to do alone. I'm not working at this time. I'm supposed to received [sic] an amount from him each month but he has not done so yet. If he does not by the second week in August I will take legal action.

3. § 1622.30 Class III–A: Registrant with a child or children; and registrant deferred by reason of extreme hardship to dependents.

    (a) In Class III–A shall be placed any registrant whose induction into the armed forces would result in extreme hardship (1) to his wife, divorced wife, child, parent, grandparent, brother, or sister who is dependent upon him for support.

presented a prima facie claim of hardship to the children. We will not judge the application of a registrant claiming a hardship deferment by the strict standards medieval courts applied to pleadings of barristers.[4]

A registrant's factual allegations must be non-frivolous, Rasmussen v. Commanding Officer, *supra*, but need not be phrased in the precise language of the regulation. *See* U. S. v. Moyer, 307 F.Supp. 613, 615 n. 1 (S.D.N.Y. 1969). Although, ideally, Saunders should have stated that his children would suffer hardship, his failure out of ignorance to express it with that explicitness does not destroy his hardship claim on behalf of the children. It is clear from the letter that Saunders claimed to be responsible for his children's support. Implicit is the assertion that his induction would reduce their support and cause them hardship. Saunders had only to cite facts which, if true, would entitle him to a hardship deferment. *See* U. S. v. Allen, 459 F.2d 563 (9 Cir. 1972).

The record fails to indicate any possibility of the children receiving comparable support from other sources.[5] Therefore Saunders' letter did present a prima facie case of hardship even though it did not employ the technical language of hardship set forth in the regulation.

In addition, the fact that the board's executive secretary found it necessary to check with the welfare department and with the former wife the veracity of Saunders' letter indicated the board's view that the letter in fact presented a prima facie case.

## III

We now move to consider the legal effect of the board's incorporating the statements of Saunders' former brother-in-law and former wife in his file without his knowledge.

Having ruled that Saunders failed to present a prima facie case of hardship, the district court concluded that use of the statements, although error, was not prejudicial. Since we hold that Saunders had presented a prima facie claim of hardship, it follows that use of adverse statements by the local and appeal boards, without his knowledge, was highly prejudicial and violated his right to procedural due process.

Selective service boards must act in strict accordance with procedural due process.

These boards have been invested with great authority over the lives and actions of the people, and that authority must be exercised only after scrupulous observance of the protective safeguards provided by the Constitution and Statutes. Arndt v. U. S., 222 F. 2d 484 (5 Cir. 1955).

Likewise, in Gonzalez v. U. S., 348 U. S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955) (involving a conscientious objector case), the court held that a registrant is entitled to receive notice of all information before an appeal board, once a prima facie claim has been presented. Inclusion, without the registrant's knowledge, of statements adverse to his claim violates procedural due process. U. S. v. Cabbage, 430 F.2d 1037 (6 Cir. 1970); U. S. v. Owen, 415 F.2d 383 (8 Cir. 1969).

Both statements in the instant case severely prejudiced Saunders' case. In no sense were these the statements of disinterested parties; both declarants had reason to feel hostility to Saunders. Even if they did not, fundamental fairness required that Saunders be afforded an opportunity to rebut them.

Appellant's brief complains of several other actions of the selective service

---

4. Registrants' communications to local boards are to be liberally construed. U. S. v. Hasmuk, 419 F.2d 929 (7 Cir. 1970). *See* U. S. v. Thompson, 431 F.2d 1265, 1270 (3 Cir. 1970). *See also* U. S. v. Craft, 423 F.2d 829, 831 n. 2 (9 Cir. 1970); U. S. v. Derstine, 129 F.Supp. 117 (E.D.Pa.1954).

5. *Cf.* Rasmussen v. Commanding Officer, *supra*.

boards which allegedly denied him procedural due process. It is unnecessary to reach the additional issues tendered, in light of our decision that the board's use of the adverse statements of the former wife and former brother-in-law violated procedural due process and requires reversal.

Appellant's conviction for failure to report for induction cannot stand.

Reversed.