**UNITED STATES v. KOSE.**

Cr. No. 8494.

United States District Court
D. Connecticut.

May 21, 1951.

434

Thomas J. Birmingham, Asst. U. S. Atty., Hartford, Conn., for the Government.

Charles R. Zartarian, Hartford, Conn., for defendant.

SMITH, District Judge.

In this case the defendant is charged with wilfully refusing to submit to induction into the armed services of the United States pursuant to the order of Local Board Number 22 of Willimantic, Connecticut, in violation of the Selective Service Act of 1948, 50 U.S.C.A. Appendix, § 451 et seq.

It has been established without dispute that the defendant registered with the local board and filed his questionnaire, claiming a 4–D classification as minister.

He was classified 1–A on August 1, 1950 and notified on the card Form 110. On August 11th he appealed his classification and he also asked for a personal appearance before the board.

The local board heard him on August 28th, allowed the filing of further written evidence and heard testimony of his superior in Jehovah's Witnesses, the company servant at Norwich.

The local board sustained the original classification on August 28, 1950, notified him by letter, and not by the card Form 110 of the board's action, and ordered him to report for physical examination. He was found physically acceptable.

The appeal board thereafter considered his case on all the written evidence in his local board file, and a brief summary by the clerk of the local board of the oral testimony. The appeal board by a vote of 3 to 0 classified him in 1–A. On September 27th Form 110 was mailed to him. On September 28th an order to report for induction on October 11th was mailed to him. He reported at the induction center October 11th, was processed to the point of induction, and refused to take the step forward which was to complete his induction.

■ Lack of due process is claimed in the failure to send a Form 110 after the personal appearancce before the local board August 28th when the original classification of 1–A was sustained. This defense is without merit. The refusal to reopen the classification after the personal appearance does not require an additional Form 110, whose principal functions are to permit a personal appearance request and to notify of classification for the purpose of appeal. He had already had his personal appearance and set in motion his appeal. In any case, the letter of the same date contained the required information and served the function of a Form 110.

■ Lack of due process is also claimed because of the inadequacy of the record on appeal, specifically the meagerness of the summary of the oral testimony sent up. All the written evidence was before the appeal board. The summary was brief, but the regulations provide a method by which a registrant may supplement such a summary, together with the written evidence, properly to present the registrant's claims. Not having availed himself of this opportunity, he may not now complain of the inadequacy of the summary.

It is also claimed that the action of the local board was arbitrary for two reasons, that two of the board members, Laramie and Sugrue, did not exercise independent judgment but followed the board chairman's interpretation of the Act and regulations, and that there was no evidence on which the board could find the defendant not a minister.

The latter ground is without basis, for there was evidence of the secular employment of defendant before the board from which they could have found the secular employment to be the defendant's vocation, with his ministerial work however sincere, so limited in time and effort comparatively as to be incidental.

The Act exempts regular or duly ordained ministers and students preparing for the ministry who are satisfactorily pursuing fulltime courses of instruction in recognized theological or divinity schools. On the evidence before the board there could have been no finding of a fulltime course of instruction, so that the board was required to apply the Act's definition of minister in this case. That requirement of an application of this definition in the Act presents to the

local board an extremely difficult problem. Even the Supreme Court has differed in the past as to the meaning of minister in the old 1940 Act and the 1948 Act has amended that definition partly because of that difference of opinion among the members of the Supreme Court at that time. A minority of the Supreme Court thought the definition of minister intended to be exempted by the 1940 Act broad enough to cover all the members of a group such as Defendant's group, who consider all members to be ministers because all are dedicated to evangelical work to some extent, the Congress, therefore, in the present Act narrowed the definition and placed in the Act the following language: Senate Report on 1948 Act, 2 U.S.Code Congressional Service 1948, page 2001, indicates that it was the purpose to narrow the definition of minister who might be exempted under the Act, and the Act now provides that:

"The term 'regular or duly ordained minister of religion' does not include a person who irregularly or incidentally preaches and teaches the principles of religion of a church, religious sect, or organization and does not include any person who may have been duly ordained a minister in accordance with the ceremonial, rite, or discipline of a church, religious sect, or organization, but who does not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship as embodied in the creed or principles of his church, sect, or organization." 50 U.S.C.A.Appendix, § 466(g).

This definition it was duty of the local board to apply to the evidence presented to it by defendant as to the nature and extent of his ministerial duties.

There was evidence before the board of defendant's secular employment as a carpenter and the nature of his religious studies, participation in meetings and administrative work as a territorial servant, assigning territories for the other witnesses to call upon householders in the course of their evangelical work under the supervision of his superior, the company servant for the Norwich area. His work of that nature was limited in time to an average of approximately a full day a week, with most of it done evenings and Sundays.

Clearly the board might justifiably classify him as not a minister within the restricted meaning given the term in the 1948 Act.

However, the testimony of the members of the board as to the reasons which compelled them to classify the defendant as they did, particularly Lathrop and Laramie, show that they did not act upon that definition of minister which is now contained in the Act, but that their compelling reasons for classifying him as not a minister was the lack of a formal divinity school education or college education. That is not a sound reason if it was their only reason as it appears to have been from the testimony of those two members of the board.

The testimony of the chairman indicates that he had a correct understanding of the meaning of the present Act and that his reasoning was correct, so that if it did not appear that other reasons compelled the other two members, the action of the board could be upheld, for it is the question as to whether the registrant is a minister in the sense that his ministerial work is not irregular or incidental as a vocation which is necessary to consider to qualify him for exemption under the Act.

The third member other than the chairman who testified, testified that he did not himself feel qualified to pass on the subject and followed the chairman in that respect. The fifth member has not testified, and there is no testimony except the possible implication from the testimony of one of the members that all followed the chairman on legal questions.

It is a difficult task for the board to determine the existence of qualification as a minister under the Act.

When it is questioned in a criminal proceeding, however, it is open to the defense to show if the board had an erroneous interpretation of the law in that respect in arriving at its conclusion, and it

436

does appear that three of the members here did not have an understanding necessary to determine the question in this vote of the board.

■ For that reason it must be held that this classification is invalid. It is for the board to redetermine the classification of this registrant with the proper definition of minister as it is now contained in the Act in order to give him a valid classification. There was evidence before them on which they might have determined that he was not a minister, but since they were not acting on a proper interpretation of the rule to be applied we cannot tell whether had they all understood properly the meaning of minister under the Act, whether they would have arrived at the same conclusion. So that the classification must be invalidated and a redetermination must be made on the proper interpretation of the Act.

Since the existing classification is for that reason invalid, the Court finds the defendant not guilty of the crime charged in this case.