## DAVIS v. UNITED STATES.
### No. 11619.

United States Court of Appeals
Sixth Circuit.

Nov. 12, 1952.

Hayden C. Covington, Brooklyn, N. Y., and Victor F. Schmidt, Columbus, Ohio, on brief, for appellant.

Joseph C. Bullock, U. S. Atty., Cincinnati, Ohio, Ray J. O'Donnell and Joseph C. Bullock, Cincinnati, Ohio, on brief, for appellee.

690

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In the Selective Service System Questionnaire filed with his local draft board, appellant sought deferment from the draft on the ground that he was a minister of religion. He also filed a claim on the Special Form for deferment as a conscientious objector. Accompanying these claims were three affidavits of persons stating that he was a minister of the gospel, a nine-page affidavit of his own in support of such claim, and a booklet which, he declared, explained his position as a conscientious objector. Thereafter, his claim for deferment as a minister and as a conscientious objector was denied and he was classified 1-A by his local draft board.

After the above classification, appellant wrote his board requesting a personal hearing and stating that he desired to present evidence, both oral and written, in support of his claims for deferment. Subsequently, the board notified him to appear before it, and upon his appearance, appellant stated that he had been erroneously classified and that he had come to discuss his classification with the board. He declared that he had prepared one-half hour of "oral evidence"; but the chairman of the board informed him that they could not grant him a minister's classification because he was following secular employment. Appellant then stated that his particular concern that evening was in asserting his claim as a conscientious objector, to which the chairman replied that appellant would have to file a letter with the local draft board for the appeal board. Appellant was instructed to file a written notice of appeal within ten days. He was then dismissed from the presence of the board. On the day after his appearance, the local board mailed appellant notice of its determination classifying him as 1-A. He thereafter filed an appeal with the appeal board and his claim of deferment as a conscientious objector was denied. From this decision, an appeal was taken on his behalf to the President by the National Selective Service Appeal Board, with the final determination that his classification as 1-A was sustained. Appellant was thereafter ordered to report for induction, but refused, and was subsequently indicted. On his trial, the district court found him guilty of violation of the Selective Service Act.

Appellant claims that the order of the local draft board classifying him as 1-A was void for the reason that the board failed to give him a fair hearing upon his personal appearance and thereby deprived him of his rights to procedural due process, contrary to the provisions of the Selective Service Act and the regulations.

When a registrant appears before a local draft board, he "may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight. The registrant may present such further information as he believes will assist the local board in determining his proper classification." 32 C.F.R., Section 1624.2(b), of the regulations governing appearances of registrants before local draft boards.

The record is slightly confused with respect to the matters appellant brought before the appeal board. During his trial before the district court, appellant testified that in his appeal before the President, he relied upon his claim of deferment as a minister rather than as a conscientious objector because of the fact that he was informed by the appeal officer that he could not claim deferment on both grounds. The statute granting deferment provides for an inquiry and hearing by the Department of Justice for the purpose of making a recommendation to the appeal board, which, however, is not binding upon its decision. In this case, the Department of Justice, after such inquiry, recommended the denial of appellant's claim as a conscientious objector, and the appeal board expressly passed upon the question, denying his claim. Whether the fact be of importance or not, it appears that the appeal board had before it and acted upon appellant's claim to deferment as a conscientious objector.

The sole issue in the case is whether the action of the local board in classifying appellant was void because it refused to give appellant an opportunity to discuss his classification with the board, present what he considered additional evidence, and direct attention to the matters which he considered were of importance in the assertion of his claim.

■ As has been pointed out, according to the regulations, every registrant has a right to appear and discuss his classification with the local board and direct attention to the information which he believes will assist it in determining a proper classification. If a local board refuses to consider new information offered by the registrant at the time of his personal appearance or refuses to receive new information which the registrant endeavors to offer, he is thereby denied due process of law. United States v. Zieber, 3 Cir., 161 F.2d 90. It is to be emphasized that the purpose of the registrant's personal appearance is not solely to present new information, but to enable the registrant to discuss his classification with members of the board on the basis of the information already in his file, and to make an oral argument that the information already furnished, when given proper weight, calls for a different classification. "The right to have such an opportunity to talk over and explain his case to members of the board is obviously of the greatest value to a registrant even though he has no new information to present and this right the regulation guarantees." United States v. Stiles, 3 Cir., 169 F.2d 455, 458. The test of whether a draft board's action may be attacked is whether it receives and considers what a particular registrant submits. Ex parte Stanziale, 3 Cir., 138 F.2d 312.

■ On the trial before the district court, appellant testified as to what he would have submitted to the local draft board if he had been afforded the opportunity to discuss his classification with it. This submission, according to appellant, would have consisted in a number of references to the Bible, with Biblical quotations, which, appellant insists, constituted proof that a person with his particular convictions could not conscientiously submit to the draft because of religious scruples. It was for the local board to draw the conclusion as to whether he had sufficiently proved that he was a conscientious objector within the meaning of the Selective Service Act; but the board should have heard him and have allowed him to discuss his classification with the members of the board and to point out what classification he considered he was entitled to. Appellant had the right to have the board consider his arguments fairly. From the record before us, it appears that the members of the board were impatient with his statement that he had a half hour's evidence and argument to present to them. The regulations provide that the member or members of the local board before whom the registrant appears may impose such limitations upon the time which the registrant may have for his appearance as they deem necessary. 32 C.F.R., Section 1624.2(b). Having in mind the heavy duties imposed upon the local boards, and the great numbers of registrants who appeared before them, it can easily be understood how extended submissions and arguments, often repeating the same matters that are already in the file, would cause them to try to abbreviate such hearings. It was not necessary to allow this particular registrant a half hour to discuss his classification or point out what class he considered he should be placed in. Appellant should, however, have been allowed a few minutes, at least, in order that he might briefly discuss his classification and state how he thought he should be classified so that the board could fairly consider his arguments, weigh the evidence, and determine the fact. The failure to allow such discussion was a violation of the regulations and, because of denial of due process, the action of the board in classifying appellant was void.

The government refers to the case of Martin v. United States, 4 Cir., 190 F.2d 775, where the registrant, in a similar situation, was told by the board to reduce what he had to say in writing so that it could be included in his file. He then wrote out a statement and read it to the board. In holding that the board had accorded the registrant the personal appearance which

the regulations provide, the court stated that there was no evidence that the registrant had desired to say anything to the board not included in the statement, except that he wished to read passages from the Bible and argue therefrom, and that even this was fully covered by the statement which he read. It is suggested by the government in the instant case that when the local board told appellant to file a letter with the local draft board for the appeal board, this, in effect, accorded him a hearing, similar to that in the Martin case, in accordance with the regulations. The difference between the Martin case and the instant case, on this aspect, is that in the Martin case, the local board did not make its final determination until after the registrant had filed the statement. In the instant case, the board made its final determination even before appellant filed the letter with the local draft board "for the appeal board." The cases are plainly distinguishable.

In consideration of the foregoing, the judgment is reversed and appellant discharged.