## UNITED STATES v. ANNETT.
### No. 16634.

United States District Court
W. D. Oklahoma.
Nov. 13, 1952.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Rutherford Brett, Oklahoma City, Okl., and Hayden C. Covington, Brooklyn, N. Y., for defendant.

WALLACE, District Judge.

The defendant, Gene Tony Annett, was indicted being charged with a violation of

402

the Selective Service Act of 1948,[1] in that he knowingly refused to submit to induction, in compliance with a valid order of his Local Draft Board.

The defendant pleaded not guilty. He contended that the denial of a I-O classification[2] was arbitrary and capricious and without basis in fact, and that there was a denial of due process of law.

The case was tried by the court without a jury.[3]

The defendant was born on January 21, 1928, in Woods County, Oklahoma. He registered with his local board on October 1, 1948. On October 24, 1948, he was classified I-A. He was granted a personal appearance hearing before the local board on November 9, 1948, and was reclassified I-A. After taking his physical examination he requested and was given another personal appearance hearing before the local board. Again being classified I-A he filed a notice of appeal. On October 11, 1950, the appeal board referred the case to the Department of Justice for investigation, hearing, and recommendation. The inquiry was made and the hearing was held. The Department of Justice recommended that the exemption be denied. On January 20, 1951, the appeal board classified the registrant I-A. Upon reporting for induction on February 14, 1951, as ordered he refused to submit to induction. The Government began prosecution but dismissed the action prior to trial.

The registrant was given another personal hearing before the local board July 11, 1951, and once again was classified I-A. The authorized appeal was then taken. This included another hearing before the hearing officer. The hearing officer made his report February 14, 1952, and on March 20, 1952, the Department of Justice once

again recommended that the exemption be denied. On May 5, 1952, the appeal board classified the registrant I-A. He was ordered to report for induction May 29, 1952. He appeared but refused to submit to induction.

Defendant contends there was no basis in fact for the denial of the claim for classification as a conscientious objector against combatant and noncombatant military service and thus the denial by the draft board was arbitrary and capricious.

The court cannot weigh the evidence to determine whether the classification made by the local board was justified. The decisions of the local board made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant.[4]

The court has very carefully gone over the file of the registrant. There is basis in fact for the finding that the registrant does not have a deep-seated, conscientious objection based upon religious training and belief as required by statute.

Counsel for defendant objects to that portion of the "Conclusion" written by the hearing officer to the Department of Justice wherein he said that the registrant did "not have that humility ordinarily incident to one having that deep, sincere, religious objection to service in our military forces."[5] Counsel insists that this is the application of a vague standard which denies the registrant his rights under the law. With this the court cannot agree. The hearing before the hearing officer is not a judicial trial with all the attendant rights.[6] Certainly the hearing that is conducted must have all the fundamentals of a

---

1. 62 Stat. 604, 50 U.S.C.A. Appendix, § 451 et seq.

2. I-A Classification (unlimited military service)
   I-O Classification (conscientious objector opposed to both combatant and noncombatant military service).

3. Federal Rules of Criminal Procedure, rule 23, 18 U.S.C.A.

4. Estep v. United States, 1945, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

5. Report of Hearing Conducted by the Department of Justice Pursuant to the Selective Service and Training Act of 1948. Date of Hearing: February 9, 1952.

6. Imboden v. United States, 6 Cir., 194 F. 2d 508.

fair hearing. However the report and recommendation of the hearing officer is not governed by the strict rules of evidence enjoyed at a judicial trial. The purpose of the hearing is to enable the hearing officer to arrive at an intelligent opinion as to the belief of the registrant. The demeanor of the registrant is a pertinent fact which the hearing officer may consider in arriving at an opinion "with respect to the character and good faith of the objections of the person concerned".[7]

The defendant contends that the board of appeal and the Department of Justice deprived him of procedural due process of law by using the Federal Bureau of Investigation report and by not making a full and complete record of the evidence contained in the report and submitting it to the defendant before the final classification by the appeal board; and by not giving the defendant an opportunity to answer the unfavorable information contained in the report.

In Imboden v. United States [8] the court in holding that the registrant had no right to the names and addresses of the informants in the report of the Federal Bureau of Investigation who gave unfavorable information, recognized that, (1) The purpose of the hearing is to make an advisory recommendation—it is not a criminal trial. (2) The procedure under the draft law and the resulting classification of the registrant is not a judicial trial with the right to be represented by counsel and to call, examine and cross-examine witnesses.

The hearing officer is not required to present the registrant with the Federal Bureau of Investigation report giving an opportunity for cross-examination. As emphasized in the Bouziden [9] case by this court although the registrant is not entitled to the right of cross-examination and other rights which accompany a judicial trial he is entitled to a hearing that meets the standard of fundamental fairness. Information that is unfavorable and highly prejudicial cannot be withheld by the hearing officer and then be used by him as a basis for an adverse recommendation.

However, that situation is not present in the instant case. Although the hearing certainly would not measure up to the dignity of a judicial proceeding the registrant did receive a hearing which was fundamentally fair.

The only unfavorable information which the registrant was not given a chance to rebut related to his supposedly "poor background". However, a full reading of the hearing officer's report including his "Conclusion" discloses that "poor background" was not a basis for the adverse recommendation. The instant case must be sharply distinguished from the Bouziden case wherein the unfavorable information withheld was a substantial reason given for the adverse recommendation.

The court has not overlooked the references in the summary of the Federal Bureau of Investigation report by the hearing officer regarding various remarks by different informants that they did not consider the registrant sincere. The failure to disclose this to the registrant at the time of the hearing was not prejudicial and did not vitiate the hearing. The registrant knew that his sincerity was the issue! He had every opportunity and made every effort to rebut the effect of this information and establish his sincerity. The hearing officer is not compelled to accept his ex-

7. 50 U.S.C.A.Appendix, § 456(j) provides: " * * * Any person claiming exemption from combatant training * * * because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate * * * board. Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing. The *Department of Justice, after* *appropriate inquiry, shall hold a hearing with respect to the character and good faith of the objections of the person concerned,* and such person shall be notified of the time and place of such hearing. * * * " (Emphasis supplied.)

8. Footnote 6 supra.

9. United States v. Bouziden, D.C.Okl.1952, 108 F.Supp. 395. Opinion handed down concurrently with case at bar.

planation and recommend an exemption.

█ Deferment by reason of religious training and belief is not a constitutional right, but is a matter within the discretion of Congress.[10] Congress has clearly designated the procedure. The court is of the studied opinion that the defendant has been given every consideration and every right to which he is entitled under that procedure.

█ It is the judgment of this court that the defendant is guilty of violating the Selective Service Act and Regulations in refusing to obey a valid order to submit to induction.

█ The report of the Federal Bureau of Investigation introduced into evidence at the time of trial shall be withdrawn from the record.[11]

10. Footnote 6 supra. Accord, United States v. MacIntosh, 283 U.S. 605, 623–624, 51 S.Ct. 570, 75 L.Ed. 1302, overruled on other grounds; Girouard v. United States, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084.

11. The relevance of the F.B.I. report is restricted to the information upon which the hearing officer relies and uses in his recommendation.

It is essentially the question of the hearing being fair. If the F.B.I. report contains only favorable information the registrant is not entitled to know its content. However, if the F.B.I. report contains certain unfavorable information upon which the hearing officer will rely and use in his recommendation he must give the registrant an opportunity to rebut this unfavorable information.

Thus in the instant case the summary of the F.B.I. report [which is an accurate summary of both favorable and unfavorable data] contained in the report of the hearing officer keeps all relevant information in the record of this case.