## UNITED STATES v. JEWELL.

### Cr. No. 10006.

United States District Court
N. D. Ohio, W. D.
May 8, 1953.

John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Victor F. Schmidt, Columbus, Ohio, for defendant.

KLOEB, District Judge.

Defendant is charged on one count with refusal to submit to induction into the armed forces at Toledo, Ohio, on December 10, 1952. He reported at the induction station but refused to step forward. After his Local Board No. 75 had classified him I-O (conscientious objector available for noncombatant service only), a classification that he had previously applied for, he carried his case to the Board of Appeals where the classification of the Local Board was affirmed. Thereupon, he requested General Hershey to appeal his case to the President and the Presidential Appeal Board classified the registrant as I-A.

Defendant refused induction, refused to execute a waiver of grand jury upon arraignment before the Court on an information filed by the District Attorney, was later indicted by the grand jury, entered a plea of not guilty upon arraignment, and his case was tried to the Court, a jury being waived, on Monday, May 4, 1953. Defendant was ably represented by counsel, the motion for judgment of acquittal was argued by counsel and the case submitted to the Court. The files of the case, by stipulation, are a part of the record.

A chronological review of the files discloses the following:

1. *December 22, 1950,* questionnaire filed under Selective Service System. On page 3, registrant claims to have been a minister of Jehovah's Witnesses since his ordination on April 15, 1940 (at which time he was nine years of age, having been born November 13, 1930). At that time he was working at the Schultz Die Casting making zinc "castings of quality". He had been there

since May 8, 1950. Included in the questionnaire is a statement signed by the defendant's father, who says that "the boy has been trained, both at home and in the organization of Jehovah's Witnesses, since his first years of accountability".

At page 7 of the questionnaire, the registrant claimed to be a Conscientious Objector, Conscientious Objector form being filed November 13, 1951. Accompanying this Special Form for Conscientious Objector was a letter dated November 10, 1951, signed by the registrant and addressed to the Board, in the third paragraph of which he states that he is asking for a IV-D classification. In the fourth paragraph of the letter this registrant makes the following significant statement, "Therefore, *in order to explain my belief and stand in regard to military training*, I am returning my Conscientious Objector Form, complete with several attached sheets giving information in full detail, which I would like for you to carefully examine" (hereto attached).

2. *December 5, 1951*, registrant writes to Board stating that he has received his I-O classification but that, as he is an ordained minister, he is entitled to IV-D classification and requests permission to give additional evidence (Government Exhibit 1).

3. *December 14, 1951* (Government Exhibit 2) minutes of meeting of defendant's hearing before Board requesting IV-D classification. Registrant was notified that his file would be forwarded to State Selective Service Headquarters.

4. *December 18, 1951*, file forwarded to Selective Service Headquarters on appeal (in order that there would be strict compliance with the Act).

5. *January 3, 1952*, State Selective Service Headquarters ordered Board 75 to mail the registrant a classification card, which was done.

6. *January 12, 1952*, (Government Exhibit 4) letter received from defendant complaining of the fact that he had requested a IV-D classification, and that a hearing was held on December 14th and he had received the same classification (I-O) as he had in the beginning, this classification card being mailed to him on instructions of State Selective Service Headquarters, as hereinbefore set forth. The file was thereafter returned to Columbus.

7. *August 20, 1952*, file returned from Board of Appeal showing vote of 5 to 0 and classification of I-O on August 5, 1952 (this report on inside of file cover sheet).

8. *August 25, 1952* (Government Exhibit 5) Special Report for Class I-O registrants. In answer to the question in Series 1 on page 2 of this form, such question having to do with the job preference of Conscientious Objector, this registrant stated, "I cannot except any civilian work other than what I am doing, for I have been ordained to do *God's* will and to change from that would be contrary to God's law. Read from your bible 'Romans 1: 31, 32 a change would mean death for me.'"

9. *August 29, 1952*, letter written to General Hershey (Government Exhibit 3) stating that since registrant is an ordained minister "I cannot accept the final classification of the Board of Appeals because I am an ordained minister * * * accordingly, I should be classified in Class IV-D" and he requested that General Hershey take an appeal to the President in his behalf. In the meantime, on September 4, the Board again (apparently out of an abundance of caution) forwarded this file to Selective Service Headquarters. On September 10th, the Headquarters returned the file, affirming the classification I-O and denying a further appeal.

10. *September 8, 1952*, registrant has physical examination and found acceptable.

11. *September 16, 1952*, State Headquarters again calls for file, apparently because the National Director had requested it in accordance with the request of the registrant in letter dated August 29 (Government Exhibit 3).

12. *October 7, 1952*, General Hershey appeals to President from I-O classification, in accordance with the request contained in registrant's letter dated August 29th.

13. *November 19, 1952*, report received from Presidential Appeal Board indicating

that on November 7th they had classified the registrant I–A by a vote of 3 to 0.

In Government Exhibit 3, being defendant's letter to General Lewis B. Hershey, bearing date August 29, 1952, and on page 3 thereof, the defendant sets forth a chronological history of his case which conforms substantially with the above.

■ It appears from the above that the defendant filed the special form for conscientious objector in which he claimed to be a conscientious objector, and that his Local Board so classified him; that the Appeals Board sustained that classification, and that, being dissatisfied therewith, the defendant insisted upon a classification of IV–D (minister of religion) and asked that his case be presented to the Presidential Appeal Board. This Board, after a review of his case, classified him I–A. It appears further that defendant is a native born citizen, twenty-two years of age, and the presumption is that he is subject to military service and to induction upon proper order of his Local Board.

The applicable law governing this Court appears to be contained in certain Selective Service Regulations and Court decisions as follows:

Sec. 1622.1 (c) of the Selective Service Regulations reads in part as follows:

"Each registrant will be considered as available for military service until his eligibility for deferment or exemption from military service is clearly established to the satisfaction of the local board."

Sec. 1623.2 of the Regulations reads in part as follows:

"Every registrant shall be placed in class I–A under the provisions of Sec. 1622.10 of this chapter except that when grounds are established to place a registrant in one or more of the classes listed * * *."

In Estep v. United States, 327 U.S. 114, at page 122, 66 S.Ct. 423, at page 427, 90 L.Ed. 567, we find the following:

"The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

In Swaczyk v. United States, 1 Cir., 156 F.2d 17, at page 19, certiorari denied 329 U.S. 726, 67 S.Ct. 77, 91 L.Ed. 629, we find the following:

" 'It should be remembered that immunity from military service arises not as a matter of constitutional grant, but by virtue of Congressional deference to conscientious religious views. Rase v. United States, 6 Cir., 129 F.2d 204. The burden, therefore, is not upon the government, but upon one claiming exemption to bring himself clearly within the excepted class.' Seele v. United States, 8 Cir., 133 F.2d 1015, at page 1022.

"Unless, then, the registrant can establish the complete lack of a factual basis for his classification, or, perhaps, some controlling bias or prejudice against him, his defense is ineffectual and he is subject to criminal penalties for his failure to comply with the board's order. See Lancaster v. United States, 1 Cir., 153 F.2d 718, 722, decided by this Court February 19, 1946."

We have carefully reviewed the files of this case and the proceedings had before Local Board 75, as well as the Boards of Appeal. We find no evidence of bias or prejudice controlling the actions of these Boards, nor do we find any evidence of arbitrary or capricious conduct that would adversely effect this defendant. On the contrary, the Boards, and particularly the Local Board, appear to have exercised the patience of Job. Defendant had a fair and full hearing to every extent requested of these Boards. He was granted the classification I–O upon his application as a conscientious objector and this classification was affirmed by the Board of Appeals. Being dissatisfied with this status, he then requested of General Hershey that an appeal be taken to the Presidential Board in his behalf. Although this requested appeal was discretionary because of the unanimous decision of the Board of Appeals, General

330

Hershey conformed with the request of the defendant. The Presidential Board, after consideration, classified the defendant I-A by a unanimous vote, 3 to 0.

 Looking at the whole record, we cannot say that the conclusion of the Presidential Appeal Board had no basis in fact for the classification of I-A which it gave the defendant. He had positively refused, in his letter of August 29, 1952, written to General Hershey (Government Exhibit 3), to accept the classification of I-O which he had originally applied for and to which he was accredited by his Local Board and the Board of Appeals. It, therefore, would have been futile for the Presidential Appeal Board to have re-affirmed the classification of I-O. Taking the record as a whole, the Presidential Appeal Board could well have found no basis in fact for classifying the defendant in IV-D as a minister of religion. The only recourse of the Board, therefore, was to classify him as available for military service upon their conclusion that his eligibility for deferment or exemption from military service was not clearly established.

We find no merit in the motion for judgment of acquittal and it is, therefore, overruled.

The defendant is found guilty as charged.