**UNITED STATES v. WITMER.**
**No. 12244.**

United States District Court
M. D. Pennsylvania.
Sept. 25, 1953.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for plaintiff.

Darlington Hoopes, Reading, Pa., for defendant.

MURPHY, District Judge.

Defendant found guilty by a jury of wilfully refusing to submit to induction into the armed forces of the United States,[1] moves for judgment of acquittal. The record consists of the Selective Service file,[2] testimony of the clerk of the local board and of an army officer; the latter as to the refusal to be inducted. Defendant did not testify or offer any independent testimony on his behalf.

■ A valid order to report for includes the duty to submit to induction. See Billings v. Truesdell, 321 U.S. 542 at page 557, 64 S.Ct. 737, 88 L.Ed. 917. While not disputing the refusal to be inducted defendant contends that the induction order was invalid and unenforcible. He claims he was not classified in conformity with the Act and regulations adopted pursuant thereto, that he was not afforded procedural due process, and that the local and appeal boards, without basis in fact and in an arbitrary and capricious manner, denied him the classification to which he was entitled.

In answering his classification questionnaire defendant advised that he had been working in a hat factory for three years at $.92 per hour 40 hours a week; that he owned some livestock and had 38 acres of land under cultivation. Stating that his ambition was to devote all of his time to farming, he requested an agricultural deferment, assuring the board that he would increase production and contribute a satisfactory amount to the war effort and civilian use. He stated that the section (Series VI) as to ministers and students preparing for the ministry did not apply, but he requested a special form, SSS Form 150, for conscientious objectors.

In answering Form 150 he stated that he was a Jehovah's Witness, that since his youth he had studied the Bible with the aid of the Watchtower, relying for guidance upon Richard Palms, the leader of the Kingdom Hall which he attended. He supplied a copy of the Watchtower as a statement of the creed of the Jehovah's Witnesses relative to participation in war. While when asked the question, "Have you ever given public expression * * * to the views expressed * * * as the basis for your claim made in Series I (Claim for Exemption)?" he answered "No", he did state that in addition to his factory and farm work he witnessed from door to door.

Based upon the foregoing, the local board classified him 1–A and notified him thereof on SSS Form 110. Defendant then wrote the local board as follows: "On the strength of my right to appeal my service classification, I wish to state that I am a minister of the gospel. On the strength of this fact I wish to appeal this classification and request a per-

---

1. 50 U.S.C.A.Appendix, § 462, 32 C.F.R. § 1632.14 (1951 ed.).

2. See United States v. Borisuk, 3 Cir., 206 F.2d 338.

sonal appearance to present evidence to this fact."

The local board granted him a personal appearance. Defendant appeared, answered questions and submitted a typewritten statement signed by him, an affidavit of Richard Palms and a copy of Watchtower. In his written statement defendant spoke of his witnessing activities, discussed ordination and the prerequisites thereof as understood by Jehovah's Witnesses. He worked in the factory to aid him in his farming, and in secular work to aid him in his ministry. He did not believe in taking part in armed conflicts. He spoke in favor of agricultural deferments and pointed to the provisions of the Act as to deferments of conscientious objectors and exemptions of ministers. He asked the board before making a decision to consider his assigned duties and the manner in which he was regarded by other Jehovah's Witnesses, and not to rely upon any personal ideas, feelings or prejudices as to what constituted an ordained minister. The affidavit stated that for years on many occasions defendant engaged in preaching activities, that reports and records thereof were available. Such records and reports were not however produced.

The clerk of the local board testified that when defendant completed his presentation, the members of the board discussed the matter and the board chairman then told the registrant that his 1–A classification would remain the same, his appeal would be honored; that if he was found acceptable after physical examination for the armed service his file would be forwarded to the appeal board.

On the cover sheet of defendant's file appears the following: "3/19/51. Board met with registrant. No action taken. See note in file." The note, dictated by the chairman of the board, reads as follows:

"The board met with registrant today. The registrant informed the board that he left his place of employment on March 3, where he had worked for three years in a hat factory. The Board chairman immediately pointed out that he was classified as 1–A on February 21, which meant he left his position about two weeks later. He then mentioned that his father had a farm which had not been worked as a farm for 23 years but that he felt he was going to start getting this farm in shape. Prior to this time he stated he had gotten a few acres in shape for their own family use so that they would not be dependent upon other people.

"The registrant then pointed out that he was a minister of the Gospel and the only evidence he presented to substantiate this fact was some paraphernalia from the Watchtower Association of the Jehovah Witness. The registrant was asked if he was an ordained minister and he said Jehovahs Witnesses became ordained when they started distributing their literature. The Board felt this was not sufficient evidence to warrant a 4–D classification and informed the registrant his case would be sent up to the Appeal Board following his physical examination."

Defendant being found physically acceptable his file was sent to the appeal board which in turn asked the Department of Justice for an advisory recommendation. The Department of Justice did not concur in the IV–E recommendation of its hearing officer and recommended rejection of defendant's claim stating "Registrant's inconsistent statements and his offer to contribute to the war effort are believed to be incompatible with a sincere conscientious objector's claim."

The appeal board voted 4–0 to classify defendant 1–A and sent him Form 110 notifying him thereof. After he was ordered to report for induction, the file was reviewed by the State Selective Service headquarters; they in turn were not convinced of the validity of defendant's claim to be either a conscientious objector or a minister of religion, and therefore took no action to stay induction.

Defendant did not discontinue working in the factory until he was classified 1–A. There was apparently some question as to the good faith of his farming activities. His offer to help the war effort was inconsistent with his claim to be a conscientious objector. His claim to be a minister was inconsistent with his answer in the classification questionnaire that that section did not apply. There was a question as to the quantum and quality of the proof offered as to the extent of his witnessing activities and of his claim to be a minister. See Dickinson v. United States, 9 Cir., 1953, 203 F.2d 336, at page 344; Cox v. United States, 332 U.S. 442, at page 445, 68 S.Ct. 115, 92 L.Ed. 59. Defendant was not baptized until his case was on appeal.

■ On cross-examination the clerk of the local board said that when the chairman told the registrant his classification would remain the same he also stated that the matter was out of their hands because he had taken an appeal. It appears, however, that the board received and considered everything submitted by the defendant, decided that he was not entitled to a change of classification, and advised him thereof before he left the board room. As a matter of law the board could take no further action except to arrange for physical examination and, if defendant were found acceptable, send the file to the appeal board and await the outcome. See 32 CFR § 1624.2(e); Id. § 1624.3.

Defendant argues that the board's statement as to the effect of the appeal shows they did not properly consider his case. Further that the board did not comply with 32 CFR § 1624(c) because it did not again classify him "as if he had never before been classified", or send him notice of the classification anew on Form 110. Id. (d).

Applying the usual test appropriate to consideration of a motion for judgment of acquittal, see United States v. Stoehr,

D.C.M.D.Pa.1951, 100 F.Supp. 143, at page 149, affirmed 3 Cir., 196 F.2d 276, and the teachings of the cases defining the scope of review in Selective Service cases, see Estep v. United States, 327 U.S. 114, at page 120, 66 S.Ct. 423, 90 L.Ed. 567; Cox v. United States, supra, 332 U.S. at page 448, 68 S.Ct. 115; Eagles v. U. S. ex rel. Samuels, 329 U.S. 304, at page 314, 67 S.Ct. 313, 91 L.Ed. 308; United States v. Nugent, 346 U.S. 1 at pages 9, 10, 73 S.Ct. 991, did either the local or appeal boards exceed their jurisdiction? Did they proceed arbitrarily and without due rgeard to the rights of the registrant or make the classification without basis in fact to support it?

■ The decisions of the board may not be set aside if they are supported by evidence [3] and must be accepted even though they may be erroneous. The inquiry is not whether the court would reach a different result from the evidence before the draft board. Dickinson v. United States, supra, 203 F.2d at page 343.

■ The burden is upon the registrant to bring himself within the excepted class. United States v. Jewell, D.C., 112 F.Supp. 327, at page 329. He must establish either a complete lack of factual basis for his classification, some controlling bias or prejudice against him, Swaczyk v. United States, 1 Cir., 1946, 156 F.2d 17, at page 19, or a deprivation of basic and procedural safeguards, i. e., procedural error so flagrant as to result in an unfair hearing. Eagles v. Samuels, supra, 329 U.S. at page 312, 67 S.Ct. 313; Kotteakos v. United States, 328 U.S. 750, at page 757 et seq., 66 S.Ct. 1239, 90 L. Ed. 1557.

■ Receiving and considering everything the registrant submitted, Ex Parte Stanziale, supra, 138 F.2d, at page 315 considering all possible classifications, Cox v. Wedemeyer, 9 Cir., 1951, 192 F.2d

---

3. Cf. Cox v. United States, supra, 332 U.S. 442, 68 S.Ct. 115; Smith v. United States, 4 Cir., 1946, 157 F.2d 176, at page 178; United States ex rel. Train in. v. Cain, 2 Cir., 1944, 144 F.2d 944, at page 947; Ex Parte Stanziale, 3 Cir., 1943, 138 F.2d 312, at page 315.

920, at page 922; see and cf. United States v. Rubinstein, 2 Cir., 1948, 166 F. 2d 249, at page 257; United States v. Schoebel, 7 Cir., 1953, 201 F.2d 31, coming to a decision thereon, advising the registrant as to the result thereof, and placing a proper summary in the files constitutes de novo consideration. Atkins v. United States, 10 Cir., 1953, 204 F.2d 269, at page 271.

■ The Department of Justice and the appeal board were free, if there was a proper factual basis, to reject the recommendation of the hearing officer. United States v. Nugent, supra, 346 U.S. 1, 73 S.Ct. 991.

"It was the board's duty to pass on the question of which was the believable evidence and upon the soundness of the objection." United States v. Bender, 3 Cir., 206 F.2d 247, 249; Dickinson v. United States, supra, 203 F.2d at page 345.

■ The questions here presented are for the court. United States v. Roberson, D.C., 108 F.Supp. 423; Elder v. United States, 9 Cir., 1953, 202 F.2d 465, at page 466; Cox v. United States, supra, 332 U.S. at pages 452–453, 68 S.Ct. 115.

■ Considering the proof necessary to constitute one a minister, as defined by the Act, 50 U.S.C.A.Appendix, § 456 (g), and discussed in the cases, see Cox v. United States, supra, 332 U.S. at page 445, 449, 68 S.Ct. 115 et seq.; Dickinson v. United States, supra, 203 F.2d at pages 343, 345; Rase v. United States, 6 Cir., 129 F.2d 204, at page 209; Martin v. United States, 4 Cir., 1951, 190 F.2d 775, at page 777; United States v. Kose, D.C., 106 F.Supp. 433, at page 434; United States v. Bartelt, 7 Cir., 1952, 200 F.2d 385, at page 388, we are convinced that the board had adequate basis in fact in the record to deny the defendant classification as a minister, regular or ordained,

and that there is nothing in the record to justify any contention that the board acted arbitrarily or unreasonably or otherwise abused its discretion in doing so. Likewise as to his conscientious objector claim, 50 U.S.C.A.Appendix, § 456 (j); United States v. Annett, D.C., 108 F.Supp. 400, at page 402, and the request for an agricultural deferment. Imboden v. United States, 6 Cir., 1952, 194 F.2d 508, at page 510.

■ Unlike the situation in United States v. Zieber, 3 Cir., 1947, 161 F.2d 90, at page 91, the board here was clear as to the status of defendant's case, i. e., the distinction between passing upon a request for change of classification and a right to appeal. In United States v. Stiles, 3 Cir., 1948, 169 F.2d 455, the board took no action upon the registrant's claim for a change of classification but sent the file forthwith to the appeal board. A like situation occurred in Knox v. United States, 9 Cir., 1952, 200 F.2d 398, at page 400, and in part in United States v. Fry, 2 Cir., 1953, 203 F.2d 638. We agree wholeheartedly that §§ 1624.2(c) and (d) should be complied with. There is no table of weights and measures for ascertaining what constitutes due process.[4]

■ We think, however, that the sections were substantially complied with and that the defendant was in no manner prejudiced by what actually occurred. The situation in Martin v. United States, supra, 190 F.2d, at pages 778, 779, is quite apposite, and see Atkins v. United States, supra, 204 F.2d at page 271; United States v. Kose, supra, 106 F.Supp. at page 434, where a letter was sent instead of Form 110. The court in Knox v. United States, supra, 200 F.2d at page 401, agreed with the limitations expressed by Judge Parker in the Martin case, and see United States v. Fry, supra, 203 F.2d at page 640.[5]

---

4. See dissenting opinion of Mr. Justice Frankfurter in Burns v. Wilson, 346 U. S. 137, at page 149, 73 S.Ct. 1045.

5. In United States v. Strebel, D.C., 103 F.Supp. 628, at page 631, defendant was

prevented from presenting additional evidence. United States v. Laier, D.C., 52 F.Supp. 392, and United States v. Romano, D.C., 103 F.Supp. 597, defendant was denied a personal appearance. United States v. Graham, D.C., 108 F.Supp.

In the light of the foregoing, we have no alternative but to deny defendant's motion. An order to that effect will be handed down this date.

794, absent new evidence the board felt it could not reconsider defendant's classification, but see Davis v. United States, 6 Cir., 1952, 199 F.2d 689, at page 691. As to the reference to Ex Parte Fabiani,

D.C., 105 F.Supp. 139, in United States v. Graham, supra, see and cf. United States v. Nugent, supra, 346 U.S. at pages 9, 10, 73 S.Ct. 991.