**Benjamin Roosevelt SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16144.**

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1956.

H. Carl Isaacs, Jr., Birmingham, Ala., for appellant.

W. L. Longshore, U. S. Atty., M. L. Tanner, M. Lewis Gwaltney, Asst. U. S. Attys., Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Charged with and convicted of a violation of the Selective Service Act of 1948,

as amended, 50 U.S.C.A.Appendix, § 451 et seq., in that, a registrant with Local Board No. 174 of Tuscaloosa County, Alabama, and required by law pursuant to written notice received by him from the Board to appear and be assigned to hospital work, he willfully and unlawfully failed and refused to do so, defendant has appealed.

Commencing with his motion for trial by the court without a jury, in which he stated his position clearly and succinctly, and concluding with his motion for a judgment of acquittal, defendant has throughout consistently maintained this position. This is the way he puts it:

"There are no issues of fact involved in this case. It is a prosecution under the Universal Military Training and Service Act. The defendant is charged with refusing to do civilian work contrary to the Act. The sole question is whether or not the draft board order is void because of violations of the law and regulations by the draft board. These questions will be shown from the draft board's file. They can be and must be determined by the court, after a consideration of the entire draft board file, without the aid of a jury. The questions are law questions. No fact question or mixed fact question for the jury is involved."

He, therefore, took no exceptions to the court's oral charge, contenting himself with standing upon his motion for acquittal.

Here, summarizing the facts established by the undisputed evidence [1] and invoking the principle laid down in the cases cited by him,[2] that a denial of procedural due process invalidates a conviction under the Selective Service Act, appellant attacks his conviction upon this single ground:

"The defendant was denied procedural due process of law when, after his appearance before the board

---

**1.** Benjamin Roosevelt Smith became a registrant of Local Board No. 174, Tuscaloosa County, Alabama, on May 22, 1951. He received and completed the Special Form for Conscientious Objectors on Jan. 5, 1952. He was requested to, and did, appear before the local board on Jan. 24, 1952. At that time a classification of 1–W was sent him which he attempted to appeal. This brought to board's attention that he was incorrectly classified. He was subsequently reclassified 1–O, from which he made a timely appeal. The classification of 1–O was affirmed by the Appeal Board.

On April 20, 1953, the local board ordered registrant to report for physical examination. Examination was made and registrant was found acceptable. The local board on May 29, 1953, gave Smith an opportunity to designate three types of civilian work that he was willing to perform. He returned this form with a letter stating his religious reasons for inability to accept such work. On June 8 and June 12, 1953, the local board again requested registrant to designate three types of civilian work. Both of these requests were answered by registrant in letter to local board of June 15, 1953.

On June 25, 1953, unable to reach an agreement with the local board, he was requested to meet with the board and state director on July 7, 1953. The meeting was held and registrant discussed his reasons for refusal to accept civilian work in connection therewith, and presented three affidavits relative to his ministerial activities and duties. Following this meeting he was ordered to report for Civilian work at Bryce Hospital, Tuscaloosa, Alabama, on Oct. 1, 1953.

On Oct. 1, 1953, registrant went to local board and stated he could not report to Bryce Hospital.

On Feb. 8, 1954, the state director wrote the local board that there was no indication that registrant was advised of the result of the hearing of July 7, 1953. On Feb. 24, 1954, pursuant to that letter, the local board wrote registrant that a letter "Certificate for Servant of Congregation" was considered with him on July 7, 1953, and the case was not reopened. On Sept. 30, 1954, he was indicted, on Oct. 19, 1954, he was arrested, and on April 5, 1956, arraigned.

**2.** Some of these are: Arndt v. United States, 5 Cir., 222 F.2d 484; Davis v. United States, 6 Cir., 199 F.2d 689; Knox v. United States, 9 Cir., 200 F. 2d 398; Olvera v. United States, 5 Cir., 223 F.2d 880; United States v. Ransom, 7 Cir., 223 F.2d 15.

on July 7, 1953, he was not notified that his case would not be reopened until Feb. 24, 1954, and during the interim period, on Oct. 1, 1953, he was ordered to report for civilian work under Sec. 1660.20 of the Regulations, and said notification was not in compliance with Sec. 1624.2 or Sec. 1625.4 of the Selective Service Regulations."

The United States, agreeing that what occurred is not in dispute and denying that appellant requested a new classification or furnished new evidence in support thereof, points out: that, on the contrary, as shown in the Selective Service file, the defendant did not request rehearing and reclassification; that he did not present any new reasons therefor which, if true, would have entitled him thereto; and that it is not contended that the classification given him was arbitrary or capricious, without support in the evidence, and therefore contrary to law. Urging upon us: that what the defendant in his brief relies upon, as additional evidence in support of a request for a rehearing and reopening of his classification, was not in any sense such, but was put forward merely as his religious reasons why he could not and would not enter upon any civilian duties which might be assigned to him; it insists that the board did not refuse to hear and consider his contentions and the information offered in connection therewith, but, on the contrary, heard, considered, and rejected them as insufficient.

The appellee points to the significant fact that, after his classification as 1-O, Conscientious Objector, was affirmed on appeal and he was found acceptable on a physical examination, and the local board, in accordance with the Selective Service Regulations, had given him an opportunity to designate three types of civilian work which he was willing to perform, the appellant neither at this stage nor at any later stage of the proceedings, filed in written form, as required by the regulations, a request that the local board reopen his classification, accompanying such request by written information presenting facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification under the provisions of Sec. 1625.2. So pointing, the appellee insists that the facts in Olvera v. United States, 5 Cir., 223 F.2d 880 and the other cases cited by appellant in support of his contention that he has been denied procedural due process, were entirely different and they do not at all support him.

■ We agree that this is so. In the Olvera case, after receiving a classification of 1-O, registrant filed with the board a request for a reopening and reconsideration of his classification and appeared in support thereof. At the conclusion of the hearing, the board, instead of considering and determining his request on its merits, declined to do so upon the ground that it was not mandatory on it to reopen the classification. This court in that case, declared that the action of the board in disposing of Olvera's request for reopening and reconsideration of his classification upon the arbitrary ground that it was not compelled to do so, instead of, as in Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L. Ed. 428, refusing registrant's request on the merits, had denied him procedural due process.

We think it quite clear from the file that the material presented by registrant at the July meeting called by the board for the purpose not of considering a request for a reclassification but for the purpose of discussing the kind of civilian work to which he would be willing to be assigned, was offered simply for the purpose of supporting the reasons given by him for not reporting for duty, that such reporting would interfere with his religious activities. It is equally clear, we think, that, since he made no request for a rehearing, it may not be taken as in law offered in support of a request that his former classification be reopened and he be reclassified. If, however, we should assume that, though no formal request was made for a reclassification, the matters now relied upon by appellant do constitute in fact, though not in form, such

a request, this would not avail defendant. For there is no evidence whatever that the board arbitrarily refused to give consideration to these matters, or that they constituted compelling reasons for a change in his classification.

 Upon the occasion of the July meeting, there were not before the board any new facts which if true would justify a change in the registrant's classification. By registrant's own testimony on the trial, he was gainfully employed approximately fifty hours per week at the time of filing the questionnaire sometime after registration, approximately forty hours per week at the time of the trial, and from forty-five to fifty hours per week during the interim between registration and trial. These facts indicate no substantial change of circumstances bringing registrant within the definition in the Selective Service Act of "minister". As the court stated in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 156, 98 L.Ed. 132, "Preaching and teaching the principles of one's sect, if performed part-time or half-time, occasionally or irregularly, are insufficient to bring a registrant under § 6(g). These activities must be regularly performed. They must, as the statute reads, comprise the registrant's 'vocation.' * * * And since the ministerial exemption is a matter of legislative grace, the selective service registrant bears the burden of clearly establishing a right to the exemption."

Appellant does not even claim that the action of the board in originally classifying him was arbitrary or capricious, or that its failure to reclassify him was arbitrary and capricious in the sense that there was no basis in fact to support the board's classification. His only contention is that the failure of the board until Feb. 24, 1954, to advise him that his case was not reopened, constituted a denial of due process.

 While the courts have in cases of this general nature shown themselves to be responsive to claims for relief from convictions under the Selective Service Act where the local board has, in viola-

tion of procedural due process, deprived the registrant of substantial rights, Olvera v. United States, supra, and cases cited, they have made it equally clear that an essential to such relief is a clear showing that the claimed violation was in fact such and that it resulted in a denial or deprivation of a substantial right of the registrant.

No such showing was made here. As was said by the Supreme Court in Witmer's case, 348 U.S. at page 384, 75 S.Ct. at page 397, "In this state of the record, the contention * * * narrows down to mere cavilling."

The judgment is affirmed.