**UNITED STATES of America, Plaintiff,**

v.

**Jack Arthur CARLSON, Defendant.**

**No. CR-65-12.**

United States District Court
W. D. Wisconsin.

Oct. 29, 1965.

Michael J. Wyngaard, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Jack Arthur Carlson in pro. per.

JAMES E. DOYLE, District Judge.

This action came on for trial to the court, without a jury, on October 12 and 13, 1965. The court had found that the defendant was not financially unable to obtain counsel, and that defendant had voluntarily and intelligently waived his right to counsel. Testimony and documentary evidence was offered and received, and oral argument was heard.

■■ The Court finds, from the entire record, that at Hayward, Sawyer County, in the Western District of Wisconsin, the defendant Jack Arthur Carlson did knowingly refuse to obey an order of Local Board No. 66, Sawyer County, Wisconsin, to report as directed for civilian work at Madison General Hospital, Madison, Wisconsin, for 24 consecutive months; the Court finds that such civilian work contributes to the national health, safety, and interest.

The record includes the defendant's complete Selective Service file. From this file the Court finds that on January 30, 1963, when the defendant was initially classified by his local board as a conscientious objector (1–O) rather than as a minister (4–D), and on March 27, 1963, when his local board declined to reopen his 1–O classification, and on May 2, 1963, when the appeal board also classified him 1–O, there was basis in fact in the record to support the refusal of the local board and of the appeal board to classify him 4–D. When the defendant filled out his classification questionnaire on November 18, 1962, he stated that he was employed at Phillips, Wisconsin, as a pulp cutter, working an average of 50 hours per week; he stated that he was a minister of Jehovah's Witnesses, and also that he was a conscientious objector. As of October 10, 1963, in a current information questionnaire, he stated that he was still so employed as a pulp cutter. In a two-page, typewritten, undated statement by the defendant, received by the local board on March 27, 1963, he stated, among other things: that subsequently to filling out his classification papers, he had "been assigned two Public Discourses", one to be delivered April 7, 1963, and the other later; that "I am regularly preaching publicly from house to house"; and that "During the past year I have averaged 7 hours in the field ministry", along "with over 21 hours a month attending meetings in preparation for this field ministry"; and that he had been baptized on December 23, 1961. Except for a general explanation of the view of "ministry" held by members of the Watchtower Society of Jehovah's Witnesses, the defendant furnished no further evidence supporting his claim for exemption as a minister.

■ On this record, there was basis in fact for .. conclusion that the defendant's religious ministry was not his regular and customary vocation; that he irregularly and incidentally preached and taught the principles of religion of his sect; and that he did not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship of his sect. 50 App. U.S.C., Section 466(g).

■ At the trial, defendant's defense was that the local board had acted upon an incorrect understanding of the law: namely, that one cannot be exempt as a minister if he also has secular employment or if he receives no compensation as a minister. The defendant testified that one member of the board had orally stated these legal views and that the other members had orally acquiesced in them. These legal views, of course, are incorrect. Defendant's testimony on this point was not challenged. The defendant is intelligent; his defense was well and carefully stated, even without advice of counsel; in the absence of contradictory evidence, the Court accepts as true his testimony that the local board proceeded on the basis of an erroneous view of the law. Since the local board entertained an erroneous view of the law, it may well have failed to undertake the necessary evaluation of the facts in the record.

Defendant relies upon United States v. Kose, 106 F.Supp. 433 (D.Conn.1951), in which a defendant was found not guilty because the local board had apparently applied an incorrect legal standard. The Kose court so held, although it also found that the record would have supported the denial of *4–D* classification had the local board applied the correct legal standard.

The government contends, however, that even if the local board applied an incorrect legal standard, this error was cured by the action of the appeal board.

Kose did not deal with such a contention, although the appeal board there had also denied the minister-classification. In United States v. Chodorski, 240 F.2d 590 (C.A.7th, 1957), cert. den., 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 858, it was held that when the local board had applied a wrongful legal standard in denying a 4–D classification (namely, that none of defendant's sect was entitled to minister-classification), but the appeal board had also denied him the 4–D classification, the local board's error was cured by the de novo action of the appeal board. Other court decisions reaching a different result were distinguished in Chodorski on the ground that in Chodorski there was no showing that the action of the appeal board had been distorted or tainted by the error of the local board.

▉ In the present case there is no contention or showing that the appeal board's action was affected by the local board's erroneous view of the law. Even if defendant's testimony is believed, as it is, the members of the local board expressed only orally their erroneous view of the law. The defendant's file contains no such statement.[1] The file, however, does contain the two-page, typewritten, undated statement by the defendant which was received by the local board March 27, 1963. The presumption of regularity requires the conclusion that this two-page statement, as well as the classification questionnaire of November 18, 1962, was included in the file forwarded to the appeal board on March 28, 1963. Selective Service Regulation Nos. 1626.13(a), 1626.24(b). Therefore, the decision of the appeal board, untainted by the local board's error, enjoyed a basis in fact in the record before it.

For the reasons given, and upon the basis of the entire record herein, the Court finds and adjudges the defendant guilty of the crime charged in the information on file herein.

---

1. In a criminal prosecution under the Selective Service Act for failure to report, it has been said, the range of judicial review of the administrative action "is the narrowest known to the law." Blalock v. United States, 4 Cir., 247 F.2d 615, 619. It is the more regrettable, therefore, that local boards, and particularly appeal boards, are not required to state expressly and in writing the basis for their action.

Even if such a requirement is not considered essential to procedural due process, appeal boards, as a voluntary matter, should explain their actions. A prison term should not proceed so inexorably from such an inscrutable, inarticulated administrative process, however grave the national interest in marshalling manpower for defense.